**In re H & R ICE COMPANY, INC., Debtor.**

**H & R ICE COMPANY, INC. and Kenneth R. Bennett, Plaintiffs,**

v.

**UNITED STATES of America, Department of Treasury, Internal Revenue Service, Defendant.**

**Bankruptcy No. 80–03224–2–11. Adv. No. 82–0286–2–11.**

United States Bankruptcy Court, W.D. Missouri.

Aug. 3, 1982.

William C. Paxton, Independence, Mo., for debtor/plaintiffs.

Michael P. Haney, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

H & R Ice Company is a debtor in Chapter 11 reorganization. At the time of filing, September 30, 1980, there existed accrued but unpaid withholding & FICA taxes due the United States. The proof of claim filed by the IRS on November 14, 1980 alleged a total indebtedness to the United States of $5,008.99: $3,709.52 for taxes assessed October 20, 1980 and due for the first quarter of 1980; $186.59 for interest due to the date of the petition; $1,112.88 for penalty to the date of the petition.

In a proof of claim filed October 8, 1981, consolidating and amending all prior proofs of claim, an additional amount of $11,157.71 was listed as owing from the third quarter of 1980 and assessed on April 20, 1981. It was also stated that the claim was subject to a counterclaim of $1,079.24. The total indebtedness claimed by the United States was $15,897.86, subject to the setoff or counterclaim.

The plan of reorganization provided that the allowed tax claims were to be paid in equal quarterly installments over the period of six (6) years after the date of assessment, with interest, as permitted by § 1129(a)(9)(C) of the Code, Title 11, U.S.C. On May 8, 1981, the plan was confirmed.

In January of 1982 the Internal Revenue Service (IRS), defendant in this action, informed Kenneth R. Bennett (Bennett), President and Chief Managing Officer of the debtor corporation and a party plaintiff herein, of its intent to assess a 100% penalty against him pursuant to § 6672 of the Internal Revenue Code of 1954, Title 26, U.S.C. That section states, in pertinent part, that

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, . . . shall, . . . be liable to a penalty equal to the total amount of the tax . . . not collected, or not accounted for and paid over . . ."

**30**

The proposed assessment is allegedly for the company's unpaid withholding taxes for the first and third quarters of 1980 in the sum of $2,792.85 and $9,146.18 respectively. Also included is a proposed.assessment for $3,439.55 for the fourth quarter of 1980 which H & R Ice claims to have paid.

Debtor and Bennett subsequently filed this Complaint for Injunctive Relief in this Court seeking to enjoin the assessment of the § 6672 penalty against Bennett. The Complaint alleges that the proposed assessment is illegal, void, and unenforceable by virtue of § 1141(a) of the Code, Title 11, U.S.C., and that if the proposed assessment against Bennett is allowed to take place it would irreparably interfere with the reorganization of the debtor corporation and impede the effective administration of the estate. Plaintiffs ask that this Court issue an order permanently enjoining the assessment.

By way of answer defendant filed a Motion to Dismiss plaintiffs' Complaint on the grounds that the Bankruptcy Court is without jurisdiction of the subject matter of the action and that plaintiffs failed to state a claim upon which relief can be granted.

## JURISDICTION

■ Section 1471 of Title 28, U.S.C. defines the scope of the jurisdiction of the Bankruptcy Court. That jurisdiction has been broadened significantly from the jurisdiction accorded this court under the Act.[1]

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

Additionally, Section 505(a)(1), Title 11, U.S.C., provides that:

" ... [T]he court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction."

Plaintiff Kenneth Bennett is not in bankruptcy nor has he filed a claim against the debtor corporation. His liability for payment of the unpaid taxes is personal and not derivative. *Emshwiller v. U.S.,* 565 F.2d 1042, 1047 (8th Cir.1977); *Kelly v. Lethert,* 362 F.2d 629, 635 (8th Cir.1966). No assets of the estate are claimed by the IRS in that assessment. The liability arises, however, from the failure to pay the taxes of the debtor. The subject matter of the complaint is related to a case arising under Title 11 and this court has general jurisdiction.

More specifically, the Bankruptcy Court has jurisdiction under Section 505(a)(1) to determine the legality of the assessment. The jurisdictional grant of that Section is not, by its terms, limited to a determination of tax liability of the debtor. *In re Major Dynamics, Inc.,* 14 B.R. 969 (Bkrtcy.S.D.Cal. 1981).

In *Major Dynamics,* supra, a seller of solar energy panel packages filed a petition under Chapter 11 of the Bankruptcy Code. The packages had been sold to individual purchasers who made a downpayment with the balance due on a promissory note. "The transaction was designed to provide a substantial tax shelter by virtue of the investment tax credit, solar energy tax credit, depreciation, deduction for management fees and other such potential tax benefits."

---

1. This opinion was drafted prior to the Supreme Court's opinion in *Northern Pipeline v. Marathon Pipe Line,* —— U.S. ——, 102 S.Ct.

2858, 73 L.Ed.2d 598 (1982). In light of the stay of the effective date of that decision, this Court makes no alteration in its holding.

*Major Dynamics,* supra, at 970. The packages were never delivered. The list of unsecured creditors contained only names of the investors.

The IRS began auditing and assessing deficiencies and penalties against those creditors to recover the deductions claimed prematurely. The Creditors' Committee sought to enjoin the assessments on the basis that the fractionalization of the creditors would make the reorganization impossible. The IRS argued, as in the case at bar, that the Bankruptcy Court was without jurisdiction and that 26 U.S.C., Section 7421 was an absolute bar to the suit for injunction.

As to the jurisdictional issue, the court held that the Section 505 authorization permitting the Bankruptcy Court to determine taxes was broad enough to encompass the obligations of third parties. It concluded that "since the plain language of the statute in § 505(a)(1) provides, subject to the limitations in § 505(a)(2), that the bankruptcy court may determine the amount or legality of any tax or penalty the . . . Court has jurisdiction to determine disputes between third party creditors and the IRS in an appropriate case." *Major Dynamics,* supra, at 972. See also *Bostwick v. U.S.,* 521 F.2d 741 (8th Cir.1975).

Bennett is a creditor of the debtor. In addition, he is involved with the daily operation of the business and it is reasonable to extend the rationale of *Major Dynamics* to the facts before the Court. This Court finds that under the broad jurisdictional grants of 1471(a)(b) and (c), Title 28, U.S.C., § 505 of the Code, Title 11, U.S.C., it has jurisdiction to hear the Complaint.

### POWER TO ENJOIN

The United States argues that Section 7421 of the Internal Revenue Code of 1954 (Title 26, U.S.C.) is an absolute bar to the granting of plaintiffs' request for injunctive relief. The so-called "anti-injunction statute" provides, with specific exceptions inapplicable here, that

"no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

There is no question that the Internal Revenue Code provides a comprehensive scheme for the collection of unpaid taxes from any possible source. There is also no question that Kenneth Bennett's liability is individual and personal, *Kelly v. Lethert,* 362 F.2d 629, 635 (8th Cir.1966), *Spivak v. United States,* 370 F.2d 612 (2nd Cir.1976), and that he may be assessed for the tax deficiency under Section 6672.

■■■ The primary purpose of Section 7421 is to protect the government's need to assess and collect taxes as expediently as possible with a minimum of pre-enforcement judicial interference. *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). But in the matter before the court that purpose collides with the thrust and philosophy of the bankruptcy proceedings. The basic question of which policy consideration is paramount was resolved in this circuit in *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975).

". . . [W]e do not believe that the 'anti-injunction statute' is relevant to the present case inasmuch as Congress has evidenced an intention to enact a complete scheme governing bankruptcy which overrides the general policy represented by the 'anti-injunction' act."

"We believe that the overriding policy of the Bankruptcy Act is the rehabilitation of the debtor and we are convinced that the Bankruptcy Court must have the power . . . to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner, and fulfill the ultimate policy of the Bankruptcy Act." at 744.

Although the Bostwicks were debtors and their case arose under the Bankruptcy Act, the policy considerations are similar. Here, as in *Bostwick,* the United States has denied the application of Bankruptcy Court jurisdiction to the question. See *In re Major Dynamics,* supra, at 970, n. 2. This Court finds that it has the power to enjoin

the assessment of the 100% penalty prescribed by 26 U.S.C. § 6672 notwithstanding the anti-injunction provision of the Internal Revenue Code.

## INJUNCTIVE RELIEF

 Finding that this Court has jurisdiction over the subject matter of the Complaint and that the § 6672 assessment for corporate unpaid taxes against Bennett may be enjoined does not resolve the question of whether an injunction should be issued.

On the one hand, the cases cited by the United States in its Memorandum in Support of the Motion to Dismiss deal, for the most part, with situations where the delinquent corporation had been adjudicated bankrupt and no revenues would be generated to pay the back taxes, or, with situations where the corporation was otherwise found liable for a reduced amount resulting in a deficiency, e.g., *Kelly v. Lethert,* 362 F.2d 629 (8th Cir.1966), adjudicated bankrupt; *Spivak v. United States,* 370 F.2d 612 (2nd Cir.1967), compromised claim; *Hartman v. United States,* 538 F.2d 1336 (8th Cir.1976), corporation ceased doing business. But see *Emshwiller v. United States,* 565 F.2d 1042 (8th Cir.1977).

Such is not the case with H & R Ice. The corporation is operating under a confirmed plan of reorganization which proposes to pay the back taxes with interest from the date of assessment. There has been no complaint that timely payments are not being made. There is nothing to indicate an actual or threatened pecuniary loss to the United States. The assessment against the corporate officer, although undoubtedly allowed by the literal language of the Internal Revenue Code, seems, under the circumstances, to be premature.

On the other hand, there is nothing before the Court which permits a determination that the assessment would interfere with the orderly administration of the estate or the rehabilitation of the debtor. *Bostwick,* supra. The proceeding raises significant issues of the relationship between the Internal Revenue Code and the Bankruptcy Code in that many Chapter 11 debt-

ors have substantial debts for taxes and it is individuals, not the debtors, who might be liable under § 6672 for the taxes owed by the debtors. Unlike the considerations raised in *Major Dynamics,* supra, here the questions are those of adequate protection and essential equity. An evidentiary hearing is necessary.

The Motion to Dismiss plaintiffs' Complaint is DENIED.

Further, it is ORDERED that the Internal Revenue Service is temporarily enjoined from assessing the 100% penalty against Kenneth Bennett pursuant to 26 U.S.C. § 6672 until such time as the Court can determine the impact of that assessment on the bankruptcy estate.