In re **BOOTH TOW SERVICES, INC., Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Robert SPECTOR, Appellee.**

No. 85–0947–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Oct. 21, 1985.

Michael Quigley, Trial Atty., U.S. Department of Justice, Washington, D.C., for the United States.

Michael Roser, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for appellee.

## MEMORANDUM AND ORDER

SACHS, District Judge.

The above-captioned bankruptcy appeal presents an often litigated legal issue that has divided those courts that have considered it—whether a bankruptcy court can determine, in the context of a Chapter 11 reorganization proceeding for a corporate debtor, the liability of an individual officer or employee for withholding and FICA taxes under 26 U.S.C. § 6672. The bankruptcy court below, relying on Judge Pelofsky's decision in *In Re H & R Ice, Co., Inc.*, 24 B.R. 28 (Bkrtcy.W.D.Mo.1982), held that it could rule on the validity of the IRS assessment of the § 6672 penalty against appellee Spector and, on the merits, concluded that this assessment was improper because Spector was not "a responsible person"

within the meaning of § 6672. The Government's appeal addresses solely the jurisdictional question of whether the Chapter 11 proceeding was the proper forum in which to challenge Spector's personal liability.

## FACTUAL BACKGROUND

Booth Tow Services, Inc.'s Chapter 11 reorganization plan was confirmed by the bankruptcy court on May 13, 1982. As part of that plan, the corporate debtor was ordered to pay to the Government certain employee withholding and FICA taxes owed for the second and third quarters of 1981. Under the tax laws, these taxes are held in "a special fund in trust for the United States." 26 U.S.C. § 7501. Even if the employer fails to turn over the monies to the Government, the United States "must nevertheless extend a credit to the employees as if the funds were properly paid over to the government." *United States v. Huckabee Auto Co.*, 46 B.R. 741, 743 (M.D.Ga.1985). In seeking to recover the income and FICA taxes that an employer has failed to pay over to the Treasury, the Government has several statutory remedies. First of all, it can seek an order against the corporate employer for the amount of those taxes in that corporation's Chapter 11 proceeding. Such relief was obtained in the present case pursuant to 11 U.S.C. § 505(a)(1)[1] although Booth Tow Services, Inc. apparently never made the required payments. *See* September 25, 1984, order of bankruptcy court (Booth Tow Services, Inc. directed to pay within ten days all withholding and FICA taxes for the second and third quarters of 1981, or else show cause in writing why it should not be required to do so.). Judge Stewart's power to order the corporate debtor to pay those taxes in the context of the Chapter 11 proceeding is not challenged.

A second procedure by which the Government can recover withholding and FICA taxes that an employer has failed to turn over is established in 26 U.S.C. § 6672. That statute imposes personal liability for those taxes on certain individuals associated with the corporate employer.

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The § 6672 penalty against the individual officer or owner "is distinct from and in addition to the employer's liability for the tax." *Huckabee*, 46 B.R. at 743, and cases cited therein.[2] In the present case, the I.R.S. assessed or threatened to assess a § 6672 penalty for the full amount of the taxes (that the corporate debtor had failed to turn over to the Government) against Robert Spector, a former employee of Booth Tow Services, Inc., with certain authority over that entity's books and records. On May 11, 1984, Spector initiated the present adversary proceeding in Booth Tow Services' Chapter 11 case. He sought relief from the bankruptcy court in the form of an order directing the corporate debtor to make immediate payment of any withholding or FICA taxes owed *and* determining that Spector had no liability for these taxes under § 6672, "and is not subject to any penalty therefor."

The United States subsequently moved to dismiss Spector's application for relief for lack of subject matter jurisdiction. The Government argued that the validity of a

---

**1.** "[T]he [bankruptcy] court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction."

**2.** "The fact that the United States could pursue collection from another entity does not relieve the responsible person of liability under § 6672." *Id.* The individual's liability "is personal and not derivative." *In Re H & R Ice Co.*, 24 B.R. at 30.

tax assessment against a non-party to a bankruptcy action could not be determined in that action. Spector opposed the motion to dismiss and also moved for a temporary restraining order against IRS attempts to collect or enforce a tax penalty against him. Judge Stewart's August 23 and August 28, 1984, orders denied the motion to dismiss on the authority of *In Re H & R Ice Co., Inc.*, and granted Spector the temporary restraining order pending final determination on the merits of the adversary proceeding.[3] The Government's bid for an interlocutory appeal of the jurisdiction ruling failed when Judge Oliver denied such review in a September 25, 1984, order. That order stated in part that "[t]he Government does not allege any grounds disclosing different opinions on a controlling question of law. No authority contrary to Judge Pelofsky's opinion in *In Re H & R Ice Co.*, 24 B.R. 28 (W.D.Mo.1982), is cited."

A hearing on the merits of the adversary proceeding occurred before Judge Stewart on October 29, 1984. In post-trial briefing, the United States renewed its jurisdictional challenge and "supplemented it with recent authority." In the bankruptcy court's June 11, 1985, order granting final judgment on behalf of Spector, the jurisdictional issue was again addressed. Judge Steward concluded that Judge Oliver's opinion on interlocutory appeal established "the law of the case to the effect that this court does in fact have jurisdiction." Slip op. at 2.[4] Moreover, the bankruptcy court found additional authority for its power to hear Spec-

tor's complaint in Booth Tow Services' bankruptcy proceeding in a recent Western District of Missouri decision, *Matter of Tom LeDuc Enterprises, Inc.*, 47 B.R. 900 (1984).[5] On the merits, Judge Stewart held that a § 6672 penalty could not be assessed against Spector for unpaid taxes of the corporate debtor because Spector did not fit within the category of "a responsible person." Specifically, it was determined that Spector's activities on behalf of the company were subject to the direction and control of Joe Booth, the controlling owner and chief executive officer of the debtor corporation.

## DISCUSSION

Judge Pelofsky's decision in *In Re H & R Ice Co.* contains a two-part discussion of a bankruptcy court's jurisdiction, in a Chapter 11 proceeding involving a corporate debtor, to decide the validity of the assessment of a § 6672 penalty against an individual officer or employee.[6] First of all, the court pointed to 11 U.S.C. § 505(a)(1) as the source of its power to determine the individual's liability for the corporate debtor's unpaid taxes. Although the assessment against the individual did not involve the debtor's estate, the liability, if any, arises "from the failure to pay the taxes of the debtor."[7] 24 B.R. at 30. Moreover, "the jurisdictional grant of that Section is not, by its terms, limited to a determination of tax liability of the debtor." *Accord, In Re Major Dynamics, Inc.*, 14 B.R. 969 971 (Bkrtcy.S.D.Cal.1981).[8] The obligations of

---

**3.** As a condition for the restraining order, the bankruptcy court approved Spector's cash bond of $8,857.50.

**4.** In a footnote, the court added that "[t]he unequivocal language employed by Judge Oliver seems to make it clear that the bankruptcy court is being instructed to exercise jurisdiction in this case."

**5.** This decision does not appear to be on point since that case involved a petition by the corporate debtor seeking to require the IRS to apply its share of the debtor's assets to the trust fund portion of the corporation's outstanding withholding tax liability. The liability of individual officers or employees of the debtor for those taxes was not in issue.

**6.** The facts in *In Re H & R Ice Co.* are essentially identical to those of the present case with the exception that in the former action both the corporate debtor and the individual officer joined in seeking to enjoin the assessment of the § 6672 penalty.

**7.** Accordingly, "[t]he subject matter of the complaint is related to a case arising under Title 11 and this court has general jurisdiction."

**8.** The bankruptcy court there held that § 505(a)(1) gives it jurisdiction to determine the legality of a tax assessment against a Chapter 11 debtor's creditors. "This result is in line with the general policy of the Bankruptcy Code to allow the Bankruptcy Court to resolve all dis-

third parties are, therefore, within the broad scope of a bankruptcy court's § 505(a)(1) authority. *Accord In Re Jon Co., Inc.*, 30 B.R. 831, 833–34 (D.Colo.1983).

Judge Pelofsky's opinion then continues by evaluating the effect of the anti-injunction statute, 26 U.S.C. § 7421, on a bankruptcy court's power to enjoin IRS collection of a § 6672 penalty. The anti-injunction statute provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Because the primary purpose of this statute ("to protect the government's need to assess and collect taxes as expediently as possible with a minimum of pre-enforcement judicial interference") "collides with the thrust and philosophy of the bankruptcy proceedings," Judge Pelofsky concluded that he had the authority to grant the injunctive relief sought. 24 B.R. at 31–32. *Accord In Re Datair Systems Corp.*, 37 B.R. 690, 695–96 (Bkrtcy.N.D.Ill.1983).

That the anti-injunction statute is not a barrier to the relief sought in the present case is confirmed by the Eighth Circuit opinion in *Bostwick v. United States*, 521 F.2d 741, 744 (1975) ("[W]e do not believe that the 'anti-injunction statute' is relevant to the present case inasmuch as Congress has evidenced an intention to enact a complete scheme governing bankruptcy which overrides the general policy represented by the 'anti-injunction' act."). In *Bostwick*, the Eighth Circuit held that a bankruptcy court had the power to determine the dischargeability of a *debtor's* federal tax debt and the jurisdiction to enjoin the district director from collecting such taxes. While the *Bostwick* view of the anti-injunction statute in the context of bankruptcy proceedings is not shared by some other courts,[9] it has not been reevaluated or re-

jected in the Eighth Circuit. The *Bostwick* holding should apply equally to the situation where a bankruptcy court is considering enjoining an assessment of a tax against a non-party to a Chapter 11 proceeding if there is bankruptcy jurisdiction.

The court is more troubled, however, by Judge Pelofsky's conclusion that 11 U.S.C. § 505(a)(1) authorizes bankruptcy court jurisdiction over tax liabilities and penalties assessed against a non-debtor. While it is true that § 505(a)(1) by its terms is not "limited to a determination of tax liability of the debtor," *In Re Major Dynamics, Inc.*, 14 B.R. at 971, the fact that the individual's liability for the § 6672 penalty is "distinct from and in addition to the employer's liability for these taxes," points against the exercise of subject matter jurisdiction in the present case. *Howard v. United States*, 711 F.2d 729, 733 (5th Cir. 1983). In this regard, I agree with the analysis of the jurisdictional issue offered by the district court in *Huckabee Auto Co.*, 46 B.R. at 743–745. That case concerned the bankruptcy court's power to hear the Chapter 11 debtor's challenge to an individual's liability for a § 6672 penalty. The bankruptcy court had upheld the challenge to its jurisdiction, finding that the § 6672 penalty, if allowed, would harm the debtor's reorganization plan because the individual would likely be forced to take money from the employer corporation to pay the assessment. The district court disagreed. Because the § 6672 remedy is a separate, alternative means for the Government to obtain payment of certain taxes, there was no support "for the bankruptcy court's conclusion that Congress intended § 6672 to be subordinated to the aforementioned remedy provided in the Bankruptcy Code." *Id.* at 744. Simply because the debtor corporation is also liable for the taxes is no reason for the bankruptcy court to assume

---

putes affecting a debtor's estate." 14 B.R. at 972.

**9.** *See, e.g., Matter of Becker's Motor Transportation, Inc.*, 632 F.2d 242, 246 (3d Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d

341 (1981); *United States v. Rayson Sports, Inc.*, 44 B.R. 280, 282–83 (N.D.Ill.1984); *In Re Franklin Press, Inc.*, 46 B.R. 523, 524–25 (Bkrtcy.S.D. Fla.1985); *In Re Dore & Associates Contracting, Inc.*, 45 B.R. 758 (Bkrtcy.E.D.Mich.1985).

jurisdiction over the § 6672 assessment against the non-debtor individual.

Absent a clear directive from Congress, this court will not sanction the imposition of a judicially created limitation upon the power of the government to seek an assessment of a § 6672 penalty simply because the IRS may be able to collect the tax from the debtor over a six year period.... Whether the penalty if assessed will in fact injure the debtor is irrelevant. Again, even if § 6672 could operate so as to interfere with a Chapter 11 reorganization, Congress must decide what relief, if any, is warranted.

*Id.* Because the § 6672 liability of the individual officer or employee is separate from the debtor's liability, it is my conclusion that the former penalty assessment should be determined in a separate proceeding. The individual may contest that assessment administratively "or pay the penalty and sue for a refund in this court." *Id.* at 745.

While the grant of jurisdiction to bankruptcy courts in Chapter 11 actions is a broad one, I do not believe it can reasonably be extended to determining a non-debtor's *personal* tax liability. It makes little sense to say that § 6672 liability is separate from that of the corporation's if the possibility that the § 6672 penalty might affect the debtor corporation's reorganization plan is enough to sustain subject matter jurisdiction over that assessment in the Chapter 11 proceeding. The Government's alternative remedies for recovering revenues that it is owed would then not be independent of each other but would rather be essentially linked. Such a result seems to this court, at least, to be contrary to the statutory scheme and an unjustifiable extension of the jurisdiction of a bankruptcy court in a Chapter 11 action. Accordingly, I conclude that the *In Re H & R Ice Co., Inc.* decision should not be followed on the jurisdictional question raised in the present case.[10] The Government's appeal here is granted. The cause is reversed and remanded to the bankruptcy court with instructions to enter an order dismissing appellee Spector's adversary proceeding for lack of subject matter jurisdiction.[11]

IT IS SO ORDERED.

---

10. This court does not regard Judge Oliver's opinion denying interlocutory review as "law of the case" on the jurisdictional issue raised in this appeal. Judge Oliver's decision addressed the merits only in the context of determining whether an immediate appeal should be afforded to the Government. It is my view, however, that Judge Stewart properly deferred to the earlier published ruling by Judge Pelofsky. *United States v. Servaes,* 608 F.Supp. 775 (W.D.Mo.

1985). In a sense, therefore, I find no error, but the initial error in *H & R Ice* does merit reconsideration and correction.

11. In light of the above disposition of this appeal, it is not necessary to decide the Government's alternative ground for reversal—that it did not waive its sovereign immunity as to appellee's suit. *See* 11 U.S.C. § 106(a).