In the Matter of BOOTH TOW SERVICES, INC., Debtor,

UNITED STATES of America, Appellant,

v.

Robert SPECTOR, Appellee.

Bankruptcy No. 81–01781–3.
Adv. No. 85–0947–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Nov. 2, 1985.

Michael Quigley, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

Michael Roser, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for appellee.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Appellee Robert Spector has moved for reconsideration of this court's October 21, 1985, 53 B.R. 1014 (W.D.Mo.1985), memorandum and order in which I held, contrary to the decision in *In re H & R Ice Co., Inc.*, 24 B.R. 28 (Bkrtcy.W.D.Mo.1982), that a bankruptcy court's subject matter jurisdiction in a Chapter 11 reorganization proceeding for a corporate debtor does not extend to determining the liability of an individual officer or employee for withholding and FICA taxes under 26 U.S.C. § 6672. My opinion was entered only after a review of those decisions that have reached a contrary result. To the extent that Spector raises arguments in the pending motion already addressed in the October 21, 1985, order, the court has little to add other than my acknowledgement that no consensus on this jurisdictional problem exists in the reported opinions. As for appellee's assertion that I have read *In re Tom LeDuc Enterprises Inc.*, 47 B.R. 900 (W.D.Mo.1984), too narrowly, I still do not find the analogy between the present case and *LeDuc Enterprises* that Spector attempts to draw to be a compelling one.

Chief Judge Clark's opinion did not address an individual's liability for a 26 U.S.C. § 6672 penalty, and the corporate debtor was both the party to the controversy and the party affected by the ruling. The fact that the Government may have appeared at a hearing on Spector's adversary proceeding and agreed to a preliminary injunction cannot constitute a waiver here because questions of subject matter jurisdiction are involved. The Government has vigorously contested jurisdiction in this case.[1]

In sum, this court stands by its earlier opinion in this matter despite some case law to the contrary. The frequency of litigation of the issues raised in this appeal suggests that further review by higher courts may be necessary before a uniform result is possible.[2] Appellee's motion to reconsider, alter or amend is, accordingly, DENIED. SO ORDERED.

---

**1.** The Government brings to the court's attention Chief Judge McGovern's opinion in *In Re: Steel Products, Inc.,* 56 AFTR 2d ¶ 85–5238 (D.Wash.1985). That decision, however, bases its holding enjoining the IRS from collecting a § 6672 penalty from responsible officers of the debtor-corporation primarily on the Anti-Injunction Act, 26 U.S.C. § 7421. At least in the Eighth Circuit, the Anti-Injunction Act is not a barrier to the relief sought by Spector in the present case. *Bostwick v. United States,* 521 F.2d 741, 744 (8th Cir.1975).

**2.** It may be, of course, that appeal would not be justified as a practical matter because of the persuasive effect of Judge Stewart's ruling on the merits.