### In re BRANDT–AIRFLEX CORPORATION, Debtor.

### BRANDT–AIRFLEX CORPORATION, Debtor-in-Possession, Plaintiff-Appellant,

v.

### LONG ISLAND TRUST COMPANY, N.A., New York State Tax Commission, and the United States of America, Defendants-Appellees.

No. 666, Docket 87–5034.

United States Court of Appeals, Second Circuit.

Argued Feb. 4, 1988.

Decided March 30, 1988.

Michael I. Saltzman, New York City (Saltzman & Holloran, of counsel), for plaintiff-appellant.

C. Gayden Wren, Garden City, N.Y. (Cullen and Dykman, of counsel), for defendant-appellee Long Island Trust Co.

Robert K. Drinan, Mineola, N.Y., Asst. Atty. Gen. of State of N.Y. (Robert Abrams, Atty. Gen. of State of N.Y.) for defendant-appellee New York State Tax Comn.

Murray S. Horwitz, Atty., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen and Wynette J. Hewett, Attys., Dept. of Justice, Andrew J. Maloney, U.S. Atty. for E.D.N.Y., of counsel), for defendant-appellee U.S.

Before TIMBERS, WINTER and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

The plaintiff appeals from an order of the United States District Court for the Eastern District of New York, Thomas C. Platt, *Judge*, reversing a grant of summary

judgment in favor of plaintiff entered by the United States Bankruptcy Court for the Eastern District of New York, C. Albert Parente, *Bankruptcy Judge.* Plaintiff claimed entitlement to tax credits pursuant to 26 U.S.C. § 3505 and N.Y. Tax Law § 678. The district court held that plaintiff did not have any right to relief under either of these code sections, and accordingly dismissed plaintiff's complaint for lack of jurisdiction. We agree that the bankruptcy court did not have jurisdiction to hear this case, and we affirm the decision of the district court.

## BACKGROUND

Brandt–Airflex Corporation ("Brandt") is in the business of metal fabrication and finishing. Its principal place of business is East Farmingdale, New York, where it employs approximately 60 people. In 1979, Brandt entered into a secured lending agreement with the Long Island Trust Company ("LITC"). According to Brandt, its deteriorating financial condition led it to renegotiate the lending agreement in 1983. Under this new agreement, the "Overdraft Financing Agreement," LITC would honor preapproved checks issued by Brandt.

During 1983, 1984, and the first quarter of 1985, LITC advanced funds to Brandt for the payment of employee wages. LITC did not, however, provide funds for the federal and state withholding taxes which Brandt was obligated to pay to the taxing authorities.

On February 13, 1985, Brandt filed a petition for reorganization under Chapter Eleven of the Bankruptcy Code. The Internal Revenue Service and the New York State Tax Commission both filed claims against the bankrupt estate for unpaid taxes. These unpaid taxes included federal income and social security taxes which Brandt was obligated to withhold from employees' wages pursuant to 26 U.S.C. §§ 3102(a) and 3402(a), as well as state income taxes required to be withheld under N.Y. Tax Law § 675 (McKinney 1987).

On April 30, 1986, Brandt commenced the instant adversary proceeding in bankruptcy court. Brandt contended that it was not liable for the unpaid taxes, because I.R.C. § 3505(b) and its state-law counterpart, N.Y. Tax Law § 678(b) had the effect of shifting liability for the withholding taxes to LITC. These two statutes impose liability for withholding taxes, under certain circumstances, upon a lender which "supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer." *Id.*

In its complaint, Brandt sought a declaration of its tax liability pursuant to section 505(a)(1) of the Bankruptcy Code. More specifically, Brandt requested a declaration that it was entitled to a tax credit in the amount of LITC's alleged liability, and a declaration that the taxing authorities' claims against Brandt's estate be reduced by such amount. Brandt also requested that the bankruptcy court "order the IRS and the Tax Commission to collect from LITC for all of the employment tax liabilities which are now, allegedly to be due and owing by Brandt."

All the defendants filed motions to dismiss on various grounds, including lack of jurisdiction. The bankruptcy court converted these motions *sua sponte* into motions for summary judgment. On February 6, 1987, the bankruptcy court entered summary judgment in favor of Brandt. *See In re Brandt–Airflex Corp.*, 69 B.R. 701 (Bankr.E.D.N.Y.1987). The court concluded that:

1. LITC was a direct cause of the tax accrual.
2. The Overdraft Agreement rendered the plaintiff financially impotent and unable to meet the tax obligation.
3. LITC was the employer in fact and primarily liable for the delinquent taxes.
4. The taxing authorities will not be prejudiced by proceeding to collect the taxes from LITC.

*Id.* at 710.

Defendants were apparently confused about the import of the bankruptcy court's holding: after the decision was rendered, LITC moved for reargument and relief from the judgment; the New York State

Tax Commission moved for clarification of the decision; and the United States moved to alter or amend the judgment, in order to clarify the issue of Brandt's liability.

The bankruptcy court granted reargument but denied LITC's motion for relief from judgment. The motions for clarification were denied as "unnecessary" because, the court held, its decision was "self-explanatory." In denying the United States' motion, the court emphasized, however, that its earlier ruling had not relieved Brandt of liability, and that the claims of the taxing authorities against Brandt's estate were still valid.

Defendants appealed to the District Court for the Eastern District of New York. On September 18, 1987, the district court reversed the bankruptcy court's decision on the ground that plaintiff failed to state a claim for relief under either 26 U.S.C. § 3505 or N.Y. Tax Law § 678. The district court accordingly dismissed the complaint with prejudice, for lack of jurisdiction. *See In re Brandt–Airflex Corp.*, 78 B.R. 10 (E.D.N.Y.1987).

### DISCUSSION

#### I. *Liability for withholding taxes under 26 U.S.C. § 3505*

Employers are required to pay over to the taxing authorities that portion of the income and social security taxes which is withheld from employees' wages. *See* 26 U.S.C. §§ 3102(a) and 3402(a); N.Y. Tax Law § 675. These withheld funds are deemed to be held in trust by the employer for the benefit of the taxing authorities. *See* 26 U.S.C. § 7501(a); N.Y. Tax Law § 675.

Sometimes, as in the present case, a party other than the actual employer will pay the employees' wages, or will advance funds to the employer for the purpose of financing the employer's payroll.

Prior to the enactment of I.R.C. § 3505 and its state-law counterpart, N.Y. Tax Law § 678, collection problems arose when a third party funded an employer's net payroll, but neither the third party nor the employer paid the required withholding taxes. The government is required to credit employees for the withheld taxes whether or not the employer actually pays them, *see e.g., Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978); if, however, the employer lacked the funds to pay its overdue withholding taxes, the government was without any effective recourse against the employer. Nor could the government proceed against the third-party supplier of funds, because only "employers" were liable for the withholding taxes, and the payroll financer was not considered to be an "employer." *See* S.Rep. No. 1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 3722, 3742.

Section 3505 was therefore enacted to provide the government with an alternate source for the collection of unpaid withholding taxes. Section 3505(a) imposes personal liability for withholding taxes on a party other than the employer which pays wages directly to the employer's employees. Section 3505(b), under which Brandt claims entitlement to relief, imposes liability under limited circumstances on a party supplying funds to the *employer* which are earmarked for the payment of wages. That section provides:

> If a lender, surety, or other person supplies funds to or for the account of an employer for the specific purpose of paying wages of the employees of such employer, with actual notice or knowledge ... that such employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required by this subtitle to be deducted and withheld by such employer from such wages, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) which are not paid over to the United States by such employer with respect to such wages. However, the liability of such lender, surety, or other person shall be limited to an amount equal to 25 percent of the amount so supplied to or for the account of such employer for such purpose.

Section 3505(c) provides that "[a]ny amounts paid to the United States pursuant to this section shall be credited against the liability of the employer."

N.Y. Tax Law § 678 is essentially identical to 26 U.S.C. § 3505, and was enacted in order to bring the state tax code into conformity with the federal. For ease of discussion, we will focus on the federal provision, but all that we say is equally applicable to the state tax law.

 Section 3505 was enacted for the benefit of the government, to facilitate its collection of withholding taxes. *See* S.Rep. No. 1708, U.S.Code Cong. & Admin.News at 3742–44. It is completely within the discretion of the taxing authority whether or not to initiate collection proceedings against the lender of funds where the employer has defaulted on its tax obligations. Moreover, if the government decides to pursue the payroll financer, it may do so either before or after attempting to collect from the employer.

 Brandt makes the bare allegation that under § 3505, the lender is intended to be the primary source of the withholding taxes, and that the government may not seek recourse against the employer in situations where the lender is also liable. There is nothing, however, in either the statute itself or its legislative history to support such a contention. The taxing authority is free to pursue the payroll financer if and when it so chooses. Indeed, it would make sense for the government to attempt collection from the employer first, because it may do so by means of summary procedures; whereas in order to collect from the lender, the government would have to institute a civil action against it. *See Jersey Shore State Bank v. United States*, 479 U.S. 442, 107 S.Ct. 782, 785–86, 93 L.Ed.2d 800 (1987) (citing H.R.Rep. No. 1884, 89th Cong., 2d Sess. 66).

 Because the taxing authorities are under no duty to collect withholding taxes from third parties rendered liable for them, there is no conceivable theory under which Brandt could force the authorities to collect such taxes from LITC. To the extent that the bankruptcy court's somewhat opaque conclusion can be construed as requiring the federal and state governments to pursue LITC rather than Brandt, the decision was clearly based on a misinterpretation of § 3505. Thus, the district court was correct in reversing that aspect of the bankruptcy court's holding.

## II. *Jurisdiction of the Bankruptcy Court under 11 U.S.C. § 505*

Brandt contends, however, that even if it may not force the taxing authorities to collect from LITC, Brandt is still entitled to a declaration, under 11 U.S.C. § 505(a), that it is not liable for the withholding taxes. According to that section, a bankruptcy court

> may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

*Id.* at § 505(a)(1).

 Brandt asserts that its complaint properly requested a § 505(a) determination of its own tax liability. Brandt's first argument in this regard is that 26 U.S.C. § 3505(c) relieved it of liability for the withholding taxes. Section 3505(c), it will be recalled, credits the employer for any withholding taxes which the IRS collects from a third party under § 3505(a) or (b). That section, however, affords no relief to Brandt, because an employer's right to a § 3505(c) credit does not "vest" until the IRS has actually collected some amount of taxes from the third party. *See id.* ("[a]ny amounts *paid* to the United States pursuant to this section shall be credited against the liability of the employer" (emphasis added)). Neither the bankruptcy court nor the district court found that Brandt was entitled to a § 3505(c) credit, although the district court observed that Brandt might be entitled to such credit in the future if LITC ever pays any of the withholding taxes.

Rather than a declaration of its own liability, it is clear that what Brandt really sought, and what the bankruptcy court granted, was a determination of LITC's liability. Brandt theorized that if LITC were liable for the withholding taxes, then Brandt would not have to provide for payment of them in its reorganization plan. The bankruptcy court correctly rejected this theory, holding that Brandt remained liable for the taxes whether or not LITC also was liable; it nevertheless proceeded, pursuant to 11 U.S.C. § 505(a), to adjudicate LITC's liability for the withholding taxes.

■ The bankruptcy court's action raises a troublesome issue which the district court did not address: whether § 505(a) confers jurisdiction on bankruptcy courts to determine the tax liability of individuals or entities other than the debtor? The issue has divided those courts which have considered it; this court has not had occasion to consider it until now.

The question of whether bankruptcy courts may determine a non-debtor's tax liability arises most frequently in situations where both the debtor and a non-debtor may be jointly liable for a particular tax obligation. Most of the cases have involved 26 U.S.C. § 6672, pursuant to which those employees with responsibility for paying over the employer's withholding taxes may be held personally liable for the taxes.

In one decision which several other courts found persuasive, a bankruptcy court in California held that under appropriate circumstances, jurisdiction could be exercised under § 505(a) to determine the tax liability of a nondebtor. *See In re Major Dynamics, Inc.,* 14 B.R. 969 (Bankr. S.D.Calif.1981). In *Major Dynamics,* a creditors committee filed a motion in bankruptcy court, seeking to stay IRS audits, assessments and collections directed at the creditors. The court held:

> [T]he jurisdictional grant to this court could extend to tax disputes of third parties other than the debtor *provided, however,* that the IRS activity to be enjoined directly affected the debtor or the estate,

and that the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate.

*Id.* at 972.

Several subsequent cases followed the *Major Dynamics* holding, *see, e.g., In re H & R Ice Co., Inc.,* 24 B.R. 28 (Bankr.W.D. Mo.1982); *In re Jon Co.,* 30 B.R. 831 (D.Colo.1983); *In re Original Wild West Foods, Inc.,* 45 B.R. 202 (Bankr.W.D.Tx. 1984). In all the foregoing cases, the courts were asked to determine the § 6672 tax liability of the debtors' employees, and concluded that they had jurisdiction to do so under 11 U.S.C. § 505(a).

*Major Dynamics,* and the cases which adopted its rationale, relied on a literal interpretation of the clause which states that a bankruptcy court "may determine the amount or legality of *any* tax ..." 11 U.S.C. § 505(a)(1) (emphasis added). If the bankruptcy court could pass on the legality of *any* tax, the cases reasoned, then the court could certainly exercise jurisdiction over third parties whose tax liability was somehow related to that of the debtor.

In the last few years, however, the consensus has shifted, and virtually all the courts which have considered the issue most recently concluded that § 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor. *See, e.g., United States v. Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir.1986); *In re Success Tool and Manufacturing Co.,* 62 B.R. 221 (N.D.Ill.1986); *In re East Wind Industries, Inc.,* 61 B.R. 408 (D.N.J.1986); *In re Booth Tow Services, Inc.,* 53 B.R. 1014 (W.D.Mo.1985); *In re Interstate Motor Freight System,* 62 B.R. 805 (Bankr.W.D. Mich.1986); *In re Educators Investment Corp.,* 59 B.R. 910 (Bankr.D.Nev.1986); *but see In re Campbell Enterprises, Inc.,* 66 B.R. 200 (Bankr.D.N.J.1986) (finding jurisdiction to determine tax liability of nondebtor without citing recent decision by District Court of New Jersey to the contrary). Most of these recent cases arose under 26 U.S.C. § 6672 and involved challenges by both debtors and their "responsible" employees to IRS assessments

against the employees for withholding taxes.

In *Interstate Motor Freight*, the bankruptcy court pointed out quite correctly that a literal reading of § 505(a) could lead to absurd results: "[T]aken at face value, without recourse to the legislative history, § 505 makes the Bankruptcy Courts a second tax court system, empowering the Bankruptcy Courts to consider 'any' tax whatsoever, on whomsoever imposed." 62 B.R. at 809.

Section 505(a) was certainly not intended to allow bankruptcy courts to determine the validity of literally *any* tax, no matter who owes it. Moreover, the statute itself says nothing about which classes of non-debtors, if any, could permissibly invoke the bankruptcy court's jurisdiction under § 505(a). A literal reading of the statute, therefore, leads either to unintended results or great uncertainty.

As the above quotation suggests, some guidance is found in the legislative history. Section 505(a) is there described as "permit[ting] determination by the bankruptcy court of any unpaid tax liability *of the debtor*." S.Rep. No. 95–989, 95th Cong., 2d Sess. 67, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5853; H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 356, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5963, 6312 (emphasis added). In light of this statement, it makes far more sense to read § 505(a) as limiting the bankruptcy court's jurisdiction, than to accord it the unrestricted reading favored by *Major Dynamics*.

It is also notable that the only appellate court to have considered the issue so far has aligned itself with the cases holding that § 505(a) does not confer bankruptcy court jurisdiction over non-debtors. *See Huckabee*, 783 F.2d 1546. The Eleventh Circuit concluded that "[t]he jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code." *Id.* at 1549.

We agree with the Eleventh Circuit and with the more recent bankruptcy and district court decisions, and hold that the bankruptcy court in this case did not have jurisdiction to determine the § 3505 liability of LITC, a nondebtor. In the words of *Booth Tow Services*, 53 B.R. 1014, "[s]imply because the debtor corporation is also liable for the taxes is no reason for the bankruptcy court to assume jurisdiction over the [liability of] the non-debtor." *See id.* at 1017–18. This is particularly true in the present case because even if LITC were liable for the withholding taxes, the mere fact of its liability could have no practical impact on Brandt's reorganization plan. We have already observed that the taxing authorities are free to collect the back taxes from whomsoever they choose, and that Brandt cannot compel the authorities to collect from LITC. Because Brandt remains liable for the taxes whether or not LITC is also liable, there was no reason, even if there *had* been jurisdiction, for the bankruptcy court to adjudicate LITC's tax liability.

The bankruptcy court did not have jurisdiction to grant any of the relief requested by Brandt. Accordingly, the decision of the district court is hereby AFFIRMED.