**160**

## In re MALONE PROPERTIES.

**Lolita Malone NEWLAND, Plaintiff,**

**v.**

**UNITED STATES of America, and Department of Treasury, Internal Revenue Service, Defendants.**

**Bankruptcy No. 8607346 SGR.**
**Adv. No. 920989 SEG.**

United States Bankruptcy Court,
S.D. Mississippi, S.D.

Jan. 19, 1993.

---

Hugh D. Keating, Gulfport, MS, for plaintiff.

1. Facts are taken from the pleadings and briefs

William D.M. Holmes, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendants.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

Lolita Malone Newland filed an Adversary Complaint to Determine Tax Liabilities and for Order Authorizing the Trustee to Pay Tax Obligations of the Estate. Currently before the Court is the Motion by Defendants, United States of America and the Department of Treasury, Internal Revenue Service, to Dismiss the Adversary Proceeding. The Court concludes that the Defendants' Motion to Dismiss is well taken and should be granted.

### I.  FACTS [1]

1.  Malone Properties, Inc. filed a petition for relief under Chapter 11 of the United States Code on March 11, 1986. The proceeding was subsequently converted to Chapter 7 on January 25, 1990.

2.  The United States filed a claim against the debtor's estate for unpaid employment taxes for periods in 1985 through 1989 in the amount of $296,932.81.

3.  Lolita Malone Newland, a former officer of the debtor-corporation, filed this adversary proceeding in August of 1992 stating that Malone Properties, Inc. owes trust fund taxes for which civil penalties and interest have been assessed against the Plaintiff in the amount of $140,000.06.

4.  Lolita Malone Newland is not a debtor in bankruptcy.

5.  The Plaintiff claims that the assessment of penalties is inaccurate and improper because the debtor-in-possession made payments for trust fund taxes after the Plaintiff disassociated herself from the debtor. The Plaintiff urges that the IRS should be compelled to apply credit for such payments to the periods which give rise to the assessment of 100% penalties against the Plaintiff. The Plaintiff further argues that she was not the "responsible" person, officer or employee during all the

on file.

periods set forth. Additionally, she claims that sufficient assets exist within the estate to satisfy the trust fund tax obligations which give rise to the assessment of penalties against her.

6. Lolita Malone Newland requests the Court to adjudicate the following: (1) the proper 941 tax obligations for which Plaintiff may be responsible, (2) the proper amounts of 941 trust fund taxes which were not paid by the debtor-in-possession during the periods for which the Plaintiff has been assessed a penalty, (3) that all trust fund tax payments made by the debtor subsequent to the Plaintiff's departure from her office or employment should be applied and credited to the periods for which Plaintiff has been assessed with civil penalties, thereby abrogating the basis for such assessments, (4) that the Trustee should pay as an administrative priority expense, all trust fund taxes which remain unpaid after application of debtor's payments subsequent to Plaintiff's disassociation with the debtor, (5) that all of the Plaintiff's penalties resulting from debtor's failure to pay taxes during periods of time the Plaintiff was an active officer/employee for the debtor should be dismissed, (6) that the Plaintiff should be granted an administrative expense priority claim for any tax obligations which she may ultimately be required to pay and which are found to be the responsibility of the debtor or estate in bankruptcy.

7. The Motion to Dismiss filed by the United States claims that this Court lacks jurisdiction to determine the 100% penalty liability of an individual, Lolita Malone Newland, in the pending Chapter 7 bankruptcy proceeding of a separate taxable entity, Malone Properties, Inc. The Motion also claims failure to state a claim upon which relief can be granted.

8. The issues were briefed by the parties and submitted to the Court for determination.

## II. CONCLUSIONS

Section 6672 of Title 26 of the United States Code provides the following:

**§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax**

**(a) General rule—**Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

16 U.S.C. § 6672. Lolita Newland Malone was assessed $140,000.06 by the Internal Revenue Service as a former officer of the debtor, Malone Properties, pursuant to § 6672 for unpaid taxes. She now requests this Court to make determinations regarding her tax liability and to direct the Internal Revenue Service on how to apply amounts paid by the trustee in bankruptcy.

The major issues raised by the parties in this proceeding were discussed by the Second Circuit in *In re Brandt–Airflex Corporation*, 843 F.2d 90 (2d Cir.1988):

The question of whether bankruptcy courts may determine a nondebtor's tax liability arises most frequently in situations where both the debtor and a nondebtor may be jointly liable for a particular tax obligation. Most of the cases have involved 26 U.S.C. § 6672, pursuant to which those employees with responsibility for paying over the employer's withholding taxes may be held personally liable for the taxes.

In one decision which several other courts found persuasive, a bankruptcy court in California held that under appropriate circumstances, jurisdiction could be exercised under § 505(a) to determine the tax liability of a nondebtor. *See, In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr.S.D.Calif.1981). In *Major Dynamics*, a creditors committee filed a motion in bankruptcy court, seeking to stay IRS audits, assessments and collections directed at the creditors. The court held:

[T]he jurisdictional grant to this court could extend to tax disputes of third parties other than the debtor *provided, however,* that the IRS activity to be enjoined directly affected the debtor or the estate, and that the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate.

*Id.* at 972.

Several subsequent cases followed the *Major Dynamics* holding, *see, e.g., In re H & R Ice Co., Inc.,* 24 B.R. 28 (Bankr. W.D.Mo.1982); *In re Jon Co.,* 30 B.R. 831 (D.Colo.1983); *In re Original Wild West Foods, Inc.,* 45 B.R. 202 (Bankr. W.D.Tex.1984). In all the foregoing cases, the courts were asked to determine the § 6672 tax liability of the debtors' employees, and concluded that they had jurisdiction to do so under 11 U.S.C. § 505(a).

*Major Dynamics,* and the cases which adopted its rationale, relied on a literal interpretation of the clause which states that a bankruptcy court "may determine the amount or legality of *any* tax ..." 11 U.S.C. § 505(a)(1) (emphasis added). If the bankruptcy court could pass on the legality of *any* tax, the cases reasoned, then the court could certainly exercise jurisdiction over third parties whose tax liability was somehow related to that of the debtor.

In the last few years, however, the consensus has shifted, and virtually all the courts which have considered the issue most recently concluded that § 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor. *See, e.g., United States v. Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir.1986); *In re Success Tool and Manufacturing Co.,* 62 B.R. 221 (N.D.Ill.1986); *In re East Wind Industries, Inc.,* 61 B.R. 408 (D.N.J.1986); *In re Booth Tow Services, Inc.,* 53 B.R. 1014 (W.D.Mo. 1985); *In re Interstate Motor Freight System,* 62 B.R. 805 (Bankr.W.D.Mich. 1986); *In re Educators Investment Corp.,* 59 B.R. 910 (Bankr.D.Nev.1986); *but see In re Campbell Enterprises,*

*Inc.,* 66 B.R. 200 (Bankr.D.N.J.1986) (finding jurisdiction to determine tax liability of nondebtor without citing recent decision by District Court of New Jersey to the contrary). Most of these recent cases arose under 26 U.S.C. § 6672 and involved challenges by both debtors and their "responsible" employees to IRS assessments against the employees for withholding taxes ...

Section 505(a) was certainly not intended to allow bankruptcy courts to determine the validity of literally *any* tax, no matter who owes it. Moreover, the statute itself says nothing about which classes of non-debtors, if any, could permissibly invoke the bankruptcy court's jurisdiction under § 505(a). A literal reading of the statute, therefore, leads either to unintended results or great uncertainty ...

It is notable that the only appellate court to have considered the issue so far has aligned itself with the cases holding that § 505(a) does not confer bankruptcy court jurisdiction over non-debtors. *See Huckabee,* 783 F.2d 1546 ...

We agree with the Eleventh Circuit and with the more recent bankruptcy and district court decisions, and hold that the bankruptcy court in this case did not have jurisdiction to determine the § 3505 liability of LITC, a nondebtor. In the words of *Booth Tow Services,* 53 B.R. 1014, "[s]imply because the debtor corporation is also liable for the taxes is no reason for the bankruptcy court to assume jurisdiction over the [liability of] the non-debtor." *See id.* at 1017–18. This is particularly true in the present case because even if LITC were liable for the withholding taxes, the mere fact of its liability could have no practical impact on Brandt's reorganization plan. We have already observed that the taxing authorities are free to collect the back taxes from whomsoever they choose, and that Brandt cannot compel the authorities to collect from LITC. Because Brandt remains liable for the taxes whether or not LITC is also liable, there was no reason, even if there *had* been

jurisdiction, for the bankruptcy court to adjudicate LITC's tax liability....

843 F.2d at 96–96. *See, Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921 (3d Cir.1990) (although holding that § 505 does not limit jurisdiction to determine tax liability to only debtors, the court concluded that bankruptcy court had no jurisdiction over action between individual and IRS to determine § 6672 liability). *See also,* G.M. Buechlein, Annotation, *Jurisdiction of Bankruptcy Court to Determine Tax Liability of Individuals or Entities Other Than Debtor Under 11 U.S.C.S. § 505(a),* 97 A.L.R.Fed. 160 (1990).

Courts concluding that bankruptcy courts may exercise jurisdiction over such non-debtor disputes with the IRS have generally done so on the basis of determining that the assessment of § 6672 taxes against an officer or director would affect the debtor corporation and the effectiveness or success of the chapter 11 reorganization. *See, In re Original Wild West Foods, Inc.,* 45 B.R. 202 (Bankr.W.D.Tex. 1984); *In re Herbie K's, Inc.,* 57 B.R. 468 (Bankr.W.D.La.1985).

Malone Properties, Inc. is not a chapter 11 reorganization but has been converted to a chapter 7. There is no reorganization that will be affected as contemplated by the various cases utilizing this logic. On the facts of this chapter 7 proceeding, this Court agrees with those Courts which have held that disputes between the IRS and non-debtors regarding § 6672 taxes should not be heard by the bankruptcy court exercising jurisdiction over the bankruptcy proceeding of a separate taxable entity. Based on the foregoing, the motion to dismiss by the Internal Revenue Service is granted.[2]

A judgment will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

**2.** Any issues raised by the complaint that are related to the main issue discussed in this opinion are considered moot, or premature at this point.