**John F. DESRIS and Leo F. Konrad, Plaintiffs-Appellees,**

v.

**The CITY OF KENOSHA, WISCONSIN, et al., Defendants-Appellants.**

**No. 82–1178.**

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1982.

Decided Sept. 9, 1982.

Rehearing and Rehearing En Banc Denied Jan. 26, 1983.

James W. Conway, City Atty., Kenosha, Wis., for defendants-appellants.

Stephen W. Jones, House, Holmes & Jewell, Little Rock, Ark., for plaintiffs-appellees.

Before POSNER and COFFEY, Circuit Judges, and CAMPBELL,* Senior District Judge.

COFFEY, Circuit Judge.

This is an appeal from a Decision and Order of the District Court for the Eastern District of Wisconsin, the Honorable Terence T. Evans, presiding. The decision appealed from granted the plaintiffs' motion for summary judgment holding that the Kenosha City Ordinance No. 39–74 requiring the plaintiff-firefighters to retire from their positions as firefighters at age sixty violated the plaintiffs' right to equal protection of the laws secured under the Fourteenth Amendment to the United States Constitution. We REVERSED.

The firefighters employed by the City of Kenosha participate in one of two separate and distinct pension plans of the City of Kenosha, Wisconsin. Each of the two pension plans was established under the mandates of state law and their provisions are governed by state statutes. One of the two pension plans applies to firefighters hired before January 1, 1948 and was established pursuant to § 62.13 Wis.Stats. (hereinafter "§ 62.13 plan").[1] The other pension plan, created in 1947 by § 66.90 Wis.Stats. (now

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

1. § 62.13(10) Wis.Stats. is now recodified as § 41.60 1979–80 Wis.Stats.

generally Chapter 41 1979–80 Wis.Stats.), covers firefighters hired after January 1, 1948 and is denominated the Wisconsin Retirement Fund ("WRF"). The WRF and the § 62.13 plans are separate and distinct pension plans each of which pay separate and distinctly different benefits. The date of hiring is the sole factor which determines which one of the two pension plans a Kenosha firefighter belongs to, except that at the time the WRF plan was created the firefighters participating in the § 62.13 plan were given the opportunity to join the WRF plan. No City of Kenosha firefighter participating in the § 62.13 plan made the election to join the WRF plan.

The § 62.13 plan, pursuant to state statute, was administered by a local board, known as the Kenosha Fireman's Pension Board (K.F.P.B.), whose membership was made up of the Mayor, the Fire Chief, the City Clerk, the City Comptroller, and three firefighters selected by the participating members of the pension plan.[2] The WRF plan is administered on a state-wide basis by the WRF board under Chapter 41 of the Wisconsin Statutes.

The § 62.13 plan initially had no mandatory retirement age but in 1967, the Kenosha Fire Pension Board fixed the mandatory retirement age for § 62.13 firefighters at age 65.

The WRF pension plan initially provided by state statute for compulsory retirement at age 65, and later was amended to reduce the age to 60, unless the employer or appointing authority extended the employee's term. In 1967 the Wisconsin Legislature changed the WRF plan to provide that the normal mandatory retirement age for Wisconsin firefighters would be age 55 unless the local government chose to extend that age. Chapter 355 *Laws of Wisconsin 1967*.

On May 7, 1974, the Kenosha Common Council, exercised this statutory authority by enacting Ordinance No. 39–74, extending the mandatory retirement age for WRF firefighters from age 55 to age 60.

The plaintiffs were both hired by the City of Kenosha as firefighters on January 15, 1951 and thus are participants in the WRF plan. Pursuant to Kenosha City Ordinance No. 39–74, both plaintiffs were retired on January 1, 1977 as both had attained the age of 60. The plaintiffs subsequently commenced this action under 42 U.S.C. § 1983, the Age Discrimination in Employment Act ("ADEA"), and the Fourteenth Amendment of the United States Constitution against the City of Kenosha, the members of the Kenosha Common Council, and Mayor Wallace E. Burkee, alleging that the plaintiffs were unlawfully forced to retire from their jobs.

The parties to this action agreed to a partial stipulation of facts and subsequently the plaintiffs moved for summary judgment on the ground that their mandatory retirement by the city denied them equal protection of law in violation of the Fourteenth Amendment and 42 U.S.C. § 1983, in that firefighters under the § 62.13 plan were not subject to compulsory retirement by the city until age 65 while the plaintiffs were forced to retire at age 60.[3] The defendants also moved for summary judgment on the ground that the retirement of the plaintiffs was lawful under the terms of the ADEA, which permits an employer to retire employees pursuant to the terms of a bona fide pension plan.

The district court granted the plaintiffs' motion for summary judgment holding that the mandatory retirement provision of the WRF pension plan contravened the Equal Protection clause of the Constitution since

---

**2.** Administration of the § 62.13 plan was transferred to the WRF by Chapter 182 Laws of Wisconsin 1977 and the K.F.P.B. was then discontinued. This change in the administration of the § 62.13 plan is not relevant to the facts of this case.

**3.** Since the date that this action was initiated, the WRF and the § 62.13 pension funds were merged for administrative purposes. See Footnote 2. Part of that merger included a proce-

dural change which permitted the Kenosha Common Council to set a mandatory retirement date for the § 62.13 pension plan. Pursuant to this authority, the Kenosha Common Council passed an ordinance which sets a uniform mandatory retirement date for all firefighters at age 60. Ironically, this new uniform date (at least nominally the plaintiffs' goal in this suit) has not been applied by the City of Kenosha pending the outcome of this lawsuit.

(1) the action of the K.F.P.B. can be characterized as official city action, and (2) there was no rational basis for the difference in mandatory retirement age existing between the WRF and the § 62.13 pension plans. Based upon these holdings, the district court's order awarded the plaintiffs full backpay from the day of their forced retirement to the day of their 65th birthday.

The defendants raise three issues on appeal: (1) whether an equal protection issue can arise where two separate and distinct pension plans administered by separate bodies create disparate dates for mandatory retirement; (2) whether a rational basis exists for the disparate ages for mandatory retirement; and (3) whether there is a basis for an equal protection violation absent a showing of a purposeful and invidious denial of equal protection. We view the defendants' first issue as raising the question of whether the members of the WRF plan and members of the § 62.13 plan are in fact similarly situated within the purview of the Equal Protection clause. Our resolution of this issue disposes of this appeal.

> *Issue* : Are the plaintiffs, as members of the WRF pension plan, similarly situated with firefighters governed by the § 62.13 pension plan and thus entitled to equal protection of the law?

█ It is axiomatic that the Equal Protection clause of the Fourteenth Amendment only guarantees like treatment to persons similarly situated. As most recently pointed out by the Supreme Court:

> "The Constitution requires that Congress [here the City of Kenosha] treat similarly situated persons similarly, not that it engage in gestures of superficial equality."

*Rostker v. Goldberg*, 453 U.S. 57, 79, 101 S.Ct. 2646, 2659, 69 L.Ed.2d 478 (1981). Similarly, Justice Frankfurter in *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940) instructed:

> "The equality to which the 'equal protection' clause aims is not a disembodied

equality. The Fourteenth Amendment enjoins 'the equal protection of the laws,' and laws are not abstract propositions. They do not relate to abstract units A, B and C, but are expressions of policy arising out of specific difficulties, addressed to the attainment of specific ends by the use of specific remedies. The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same."

*See also Michael M. v. Sonoma County Superior Court*, 450 U.S. 464, 469, 101 S.Ct. 1200, 1204, 67 L.Ed.2d 437 (1980) (Stewart, J., concurring) ("The Constitution is violated when government, state or federal, invidiously classifies similarly situated people on the basis of the immutable characteristics with which they were born.") and *Rinaldi v. Yeager*, 384 U.S. 305, 309, 86 S.Ct. 1497, 1499, 16 L.Ed.2d 577 (1966) (" 'The Constitution does not require things which are different in fact ... to be treated in law as though they were the same'. Hence, legislation may impose burdens upon defined classes in order to achieve permissible ends.")

Thus the threshold question presented in this case is whether the plaintiff-firefighters retired under the WRF pension plan are similarly situated with firefighters under the § 62.13 pension plan for the purpose of an equal protection challenge to the mandatory retirement age contained in the WRF plan. Implied in the district court's opinion is the conclusion that the plaintiffs and § 62.13 pension plan firefighters are similarly situated as to the requirement of mandatory retirement because they are all firefighters employed by City of Kenosha. This oversimplified analysis of the circumstances presented in this case ignores the fact that the procedures for setting a date for mandatory retirement are part of two separate and distinct programs with separate and distinct benefits, which differ from each other in at least three important respects.[4] First, the § 62.13 pension plan af-

---

4. Paragraphs 26 through 28 of the parties' Partial Stipulation of Facts set forth the following distinctions in the benefits afforded under each pension plan.

"26. *WRF* members cannot obtain benefits, including Social Security, in excess of 80% of the average of their highest annual salaries for any three years of eligible em-

forded the pensioners the opportunity to select members of the K.F.P.B. which governed the pension plan and who in turn determined the date of mandatory retirement. The Kenosha WRF plan's mandatory retirement age, on the other hand, was determined by the Kenosha Common Council acting within the guidelines of Chapter 41 of the Wisconsin Statutes; a firefighter in the WRF plan has only the same right as any member of the Kenosha electorate to determine who sits on the Common Council. Second, the WRF pension plan provides for potentially greater financial benefits than the § 62.13 plan; WRF pensioners may receive up to eighty percent of their previous salary while the § 62.13 pensioners receive fifty percent of their former salary. Third, the Kenosha WRF plan contains a mandatory retirement age of sixty, while § 62.13 members may wait until age sixty-five to retire.

■ The various provisions of each plan cannot be viewed in isolation because each provision is intimately tied to the other provisions of the same plan all of which are designed to ensure that the respective pension funds remain fiscally sound. Thus, when the mandatory retirement ages contained in each of the separate and distinct pension plans are viewed in the context of all the rights and obligations conferred under each pension plan, it is clear that the plaintiffs, members of the WRF pension plan, are not similarly situated with § 62.13 pensioners.

The plaintiffs, as members of the WRF plan, receive benefits under their pension plan not conferred on the § 62.13 pensioners and vice versa. (e.g., the higher benefits under the WRF plan and the higher retirement age contained in the § 62.13 plan). Simply stated, the plaintiffs claim that they are entitled to retire at the same age as § 62.13 pensioners but at the higher WRF benefit level. The plaintiffs' claim of entitlement to one beneficial portion or aspect of the § 62.13 pension plan is not a claim for equal protection of the law but rather more properly should be designated as a claim for greater protection under the law.

The plaintiffs' claims based upon the unequal treatment afforded firefighters under the two distinct pension plans might be interpreted as challenging the constitutionality of the state's decision to replace the § 62.13 pension plan with the WRF. The plaintiffs, however, have expressly denied that they challenge the constitutionality of the state's decision to require that firefighters hired after January 1, 1948 be covered under the WRF.[5] Indeed, since the plaintiffs are entitled to potentially greater benefits under the WRF pension plan, it would obviously be against the plaintiffs' interest to argue that the WRF plan was unconstitutional.

The mandatory retirement date applied by the City of Kenosha in retiring the plaintiffs was established according to the proce-

ployment. At approximately 35 years of employment *WRF* protective occupation employees will reach this 80% limitation. Once said employees reach that limitation, they can gain in fund benefits only through an increase in their base salary and not through a percentage increase based upon years of employment.

27. Generally, *WRF* protective occupation employees have the capacity to receive higher monthly annuities and their spouses to receive higher survivor monthly annuities than do *s. 62.13 Fund* employees.

28. *S. 62.13 Fund* employees receive 50% of their salary plus the value of certain fringe benefits at the level of their last month of employment as retirement benefits. This method of computing benefits did not change

under Chapter 182, Laws of 1977, effective March 31, 1978 when the *s. 62.13 Fund* was merged for administrative purposes only into the *WRF*. An increased number of years of service did not procure greater benefits for *s. 62.13 Fund* employees except as to the fact that any increases in base pay would be reflected in the amount of pension benefits. The *s. 62.13 Fund* provides that a member *may* retire with 22 years service at age fifty-five (55)."

5. The plaintiffs state in their brief at page 31:

"Whether the State's decision to replace § 62.13 pension plans with the WRF was rationally related to a legitimate State interest is not at issue in this case."

dures of the WRF, a pension plan established by state law affording the plaintiffs certain rights, benefits and obligations. The mandatory retirement date for Kenosha firefighters covered by the § 62.13 plan was established according to procedures of that statutorily mandated plan that provides plan participants different benefits and obligations from those conferred by the WRF pension plan. Since the plaintiffs receive different benefits and bear different obligations under their pension plan they are not similarly situated with the § 62.13 pensioners regarding one specific benefit of the § 62.13 plan, the age of mandatory retirement requirement and thus have not presented a claim under the Equal Protection clause of the Fourteenth Amendment.[6]

Our determination that, for the purpose of a claim based on the Equal Protection clause, the plaintiffs are not similarly situated with firefighters belonging to the § 62.13 pension plan makes it unnecessary for us to determine whether a rational basis exists for retiring WRF pension plan members at age 60 and retiring § 62.13 pension plan members at age 65. However, were it necessary to decide this issue we would determine that a rational basis does exist for this disparity in age of mandatory retirement. The plaintiffs and the district court assert that the principal justifications for the mandatory retirement dates are (1) to ensure a physically and mentally fit work force and (2) to facilitate the predictable promotion of younger employees. This position fails to consider the mandatory retirement regulation in the context of the purposes of a pension plan. Section 41.01 1979–80 Wisconsin Statutes recites the purpose of the Wisconsin Retirement Fund.

"41.01 Wisconsin retirement fund.

(1) PURPOSE. The purpose of this fund is to *provide for the payment of annuities and other benefits to employes* and to beneficiaries of employes of the state of Wisconsin and other public employers in the state, *thereby enabling such employes to provide for themselves and their dependents in case of old age, disability and death,* and thereby effecting *economy and efficiency in the public service by furnishing an orderly means whereby employes who become aged or otherwise incapacitated may, without hardship or prejudice, be retired from active service."* (Emphasis added)

When this purpose is applied to the question of the appropriate age for mandatory retirement we believe it was reasonable for the K.F.P.B. to have determined that, since the § 62.13 pension plan provides potentially smaller retirement benefits than the WRF plan, it furthered the state's interest to allow § 62.13 firefighters to work until age sixty-five, if they so desired, and thus enable these § 62.13 firefighters to provide adequate financial support for themselves and their dependent families. The WRF firefighters, on the other hand, receive more generous retirement benefits and thus can more easily provide for themselves and their dependent families when required to retire at age sixty.

The Decision and Order of the District Court is

REVERSED.

---

6. Because of the manner in which we have resolved this issue it is unnecessary to address the question of whether the City of Kenosha was responsible for the acts of the K.F.P.B.

We believe that that issue arises because in fact the plaintiffs are not similarly situated with the § 62.13 pensioners and their retirement benefit rights are determined differently.