PER CURIAM:
 

 Huckabee Auto Company and its corporate officers, Leo B. Huckabee, Jr., and Leo B. Huckabee, III, appeal from the judgment of the district court. The judgment reversed the order of the bankruptcy court enjoining the Internal Revenue Service (“IRS”) from collecting an assessment under 26 U.S.C. § 6672 (1982) from the Huckabees. We affirm.
 

 Huckabee Auto Company is currently operating under a confirmed plan of reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. Prior to confirmation of the plan, the IRS filed a proof of claim which included a claim for social security and employment withholding taxes which the Company withheld from its employees’ wages, but never paid to the government. Under the confirmed plan, the IRS’ claim was to be paid in full over a 60 month period, as authorized by 11 U.S.C. § 1129(a)(9)(C) (1982). Since confirmation of the plan, all payments to the IRS have been timely made.
 

 Notwithstanding the timely payments being made to the IRS by the Company, the IRS has now assessed a penalty under 26 U.S.C. § 6672 (1982) against the Hucka-bees, as officers of the corporate debtor individually responsible for the unpaid taxes. Both the Company and the Huckabees moved to enjoin the IRS from collecting the section 6672 penalty. Opposing this motion, the IRS argued that the bankruptcy court lacked jurisdiction to enjoin the IRS from collecting the penalty from the Huck-abees.
 

 In upholding its own jurisdiction to consider the challenge to the section 6672 penalty, the bankruptcy court relied on its finding that payment of the penalty would adversely affect the corporate debtor’s efforts to reorganize.
 
 In re Huckabee Auto Co.,
 
 38 B.R. 188 (M.D.Ga.1984). The court’s finding was based on the Hucka-bees’ testimony that they had insufficient assets with which to pay the penalty, and that they would therefore be forced to take money from the Company to pay the claim.
 
 [1]
 
 This, the Huckabees claimed, would have an adverse impact on the corporate debtor because, due to its limited assets, it would be unable to continue payments under the reorganization plan. Thus, because of the perceived threat to the Company’s successful reorganization, the court concluded that the Company had a stake in the outcome of the dispute, and therefore had standing to challenge the penalty. Thereafter, following a hearing on the merits, the bankruptcy court enjoined the IRS from collecting the penalty from the Huckabees.
 
 In re Huckabee Auto Co.,
 
 43 B.R. 306 (M.D.Ga.1984).
 

 The district court reversed the order of the bankruptcy court and vacated the injunction on the ground that the Huckabees’ liability under section 6672 is separate and distinct from any liability of the corporate
 
 *1548
 
 debtor.
 
 [2]
 

 United States v. Huckabee Auto Co.,
 
 46 B.R. 741 (M.D.Ga.1985). Therefore, the court concluded, the challenge to the section 6672 penalty is outside the scope of the bankruptcy court’s jurisdiction. Because we agree that the bankruptcy court was without jurisdiction, we affirm.
 
 [3]
 

 The Internal Revenue Code requires an employer to withhold social security and federal income taxes from the wages of its employees.
 
 See
 
 26 U.S.C. § 3102 (1982) and 26 U.S.C. § 3402 (1982). The sum of taxes withheld “shall be held to be a special fund in trust for the United States.” 26 U.S.C. § 7501(a) (1982). Where, as here, the employer fails to remit the withheld funds, the Government must nevertheless credit each employee as if the funds were actually paid over to the Government.
 
 Newsome v. United States,
 
 431 F.2d 742, 744 (5th Cir.1970) (citations omitted).
 
 [4]
 
 Congress has therefore provided a remedy to protect the Government from suffering the loss.
 

 The Internal Revenue Code permits the Government to collect 100 percent of the delinquent taxes from those persons who are responsible for the corporation’s failure to pay the taxes owed.
 
 Monday v. United States,
 
 421 F.2d 1210, 1216 (7th Cir.) (citations omitted),
 
 cert. denied,
 
 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). Section 6672(a) provides, in pertinent part:
 

 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
 

 Although denoted a penalty in the statute, the liability imposed by section 6672 is not penal in nature,
 
 Monday,
 
 421 F.2d at 1216,
 
 [5]
 
 but is “ ‘simply a means of ensuring that the tax is paid.’ ”
 
 Newsome,
 
 431 F.2d at 745 (quoting
 
 Botta v. Scanlon,
 
 314 F.2d 392, 393 (2d Cir.1963)). The primary purpose of the section is thus the protection of government revenue.
 
 Newsome,
 
 431 F.2d 745 (citations omitted).
 

 In keeping with this purpose, it is the policy of the IRS to collect the delinquent taxes only once.
 
 See United States v. Sotelo,
 
 436 U.S. 268, 279 n. 12, 98 S.Ct. 1795, 1802 n. 12, 56 L.Ed.2d 275 (1978) (citation omitted). “An abatement of the tax assessment against the corporation will be made to the extent that the related 100-per-cent penalty assessment is paid.” Internal Revenue Manual, 1 Admin. (CCH) 1305-15 (May 30, 1984). Therefore, Huckabee Auto Company will be relieved of liability to the extent that the Huckabees pay the section 6672 assessment. Likewise, the Hucka-bees will receive credit for the delinquent tax payments already made by the Company pursuant to the reorganization plan.
 

 It is well established that the liability imposed under section 6672 is separate and distinct from that imposed on the employer under sections 3102 and 3402 of the Internal Revenue Code.
 
 Howard v.
 
 
 *1549
 

 United States,
 
 711 F.2d 729, 733 (5th Cir.1983) (citation omitted);
 
 Hornsby v. IRS,
 
 588 F.2d 952, 954 (5th Cir.1979) (citations omitted);
 
 Moore v. United States,
 
 465 F.2d 514, 517 (5th Cir.1972),
 
 cert. denied,
 
 409 U.S. 1108, 93 S.Ct. 907, 34 L.Ed.2d 688 (1973);
 
 Newsome,
 
 431 F.2d at 745 (footnote omitted). Thus, the IRS need not pursue collection from the employer prior to assessing a responsible person under section 6672.
 
 Datlof v. United States,
 
 370 F.2d 655, 656 (3d Cir.1966) (citations omitted),
 
 cert. denied,
 
 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967);
 
 see Hornsby,
 
 588 F.2d at 954 (citations omitted). By explicit statutory terms, the liability imposed by section 6672 is to be “assessed and collected in the same manner as taxes.” 26 U.S.C. § 6671(a) (1982). Once the liability is assessed, a lien arises against “all property and rights to property” belonging to the person against whom the assessment was made. 26 U.S.C. § 6321 (1982).
 
 [6]
 
 Thus, the liability imposed by section 6672 is separately assessed against, and is collectable from the assets belonging to a responsible person.
 

 The jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code. It is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor’s reorganization. Accordingly, we conclude that the separate tax liabilities of the Huckabees were outside the scope of the bankruptcy court’s jurisdiction.
 

 For the foregoing reasons, the order of the district court is
 

 AFFIRMED.
 

 [1]
 

 . An amendment to the by-laws authorizes directors and officers of the Company to seek indemnification for expenses incurred in connection with any matter in which that director or officer is involved, by reason of his position with the Company. Although not particularly material to our holding, we note that this amendment was passed after the assessments under § 6672 had been made against the Hucka-bees. We also note that Leo Huckabee testified that he had transferred his house to his wife, for no consideration, after he learned of his potential liability under § 6672. He further testified that he is still making mortgage payments on the house.
 

 [2]
 

 . It is important to note at the outset that only the Company is a debtor in bankruptcy. Neither of the Huckabees have filed petitions for bankruptcy relief.
 

 [3]
 

 . Having decided that the bankruptcy court lacked jurisdiction, we need not consider the IRS’ claims regarding the Anti-Injunction Act, 26 U.S.C. § 7421 (1982), and the doctrine of sovereign immunity.
 

 [4]
 

 . In
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) we adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.
 

 [5]
 

 . See also United States v. Sotelo,
 
 436 U.S. 268, 275, 98 S.Ct. 1795, 1800, 56 L.Ed.2d 275 (1978) (that the funds due pursuant to § 6672 are referred to as a ‘penalty’ does not alter their essential character as taxes for purposes of the Bankruptcy Act, at least where the liability is predicated on a failure to pay over, rather than a failure to initially collect, the taxes).
 

 [6]
 

 . On April 17, 1984, the IRS attached the residences of the Huckabees. On April 12, 1984, tax refunds due Leo B. Huckabee, III, and his wife were seized.