In re SUCCESS TOOL AND MANUFAC-
TURING COMPANY, Debtor.

SUCCESS TOOL AND MANUFACTUR-
ING COMPANY, Plaintiff-Appellee,

v.

UNITED STATES DEPARTMENT OF
TREASURY, Defendant-Appellant.

No. 85 C 7835.

United States District Court,
N.D. Illinois, E.D.

May 27, 1986.

**222**

M. Ellen Carpenter, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Cooper & Cooper, Ltd., Chicago, Ill., for defendant-appellant.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

The United States Department of the Treasury ("United States") brings this ap-peal from an order of The Honorable Judge Thomas James of the Bankruptcy Court for the Northern District of Illinois in the bankruptcy proceeding of Success Tool and Manufacturing Company ("Debtor"). Judge James preliminarily enjoined the United States from collecting a penalty as-sessed against Sevket Sonmez ("Sonmez") as a responsible person of the Debtor un-der I.R.C. § 6672. For the reasons which follow, this court finds that the bankruptcy court was without jurisdiction to enter the order against the United States and re-verses the order enjoining the United States from collecting the penalty.

It is not disputed that the assessment of the responsible person penalty was a result of the Debtor's indebtedness to the Inter-nal Revenue Service ("IRS") for federal withholding taxes. Sonmez is the principal officer and major shareholder of the Debt-or. He is responsible for the day-to-day operations of the Debtor. Sonmez does not dispute that he is a responsible person of the Debtor under § 6672. There is no dis-pute between the parties that § 6672 liabili-ty is separate and distinct from the liability of the corporation. *See Monday v. United States*, 421 F.2d 1210 (7th Cir.1970).

The bankruptcy court entered the injunc-tion order because of its finding that the collection of the penalty from Sonmez would upset the reorganization of the Debt-or. The Debtor has argued to this court that Sonmez's limited assets are the only source of financing for the Debtor. In order to complete the Debtor's reorganiza-tion, Sonmez will have to invest new capital into the Debtor. If the United States col-lects the penalty from Sonmez, the Debtor will be deprived of its necessary financing and the reorganization of the Debtor will be thwarted.

It is clear to this court that the bankruptcy court did not have jurisdiction to enter this injunction order against the United States. The liability imposed under § 6672 against Sonmez is separate and dis-tinct from the liability imposed upon the Debtor. *United State v. Huckabee Auto*

*Co.*, 783 F.2d 1546, 1548 (11th Cir.1986). Although the jurisdiction of the bankruptcy court extends to determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws, it does not encompass the tax liabilities of taxpayers who are not debtors. *Id.* at 1549. It is irrelevant that the collection of the penalty from Sonmez will affect the reorganization of the debtor. *Id. See also United States v. Rayson Sports, Inc.*, 44 B.R. 280, 282 (N.D.Ill.1984) (the debtor corporation does not have standing to litigate the tax liabilities of another).

Debtor argues that the United States consented to the jurisdiction of the bankruptcy court and waived its sovereign immunity by its participation in the bankruptcy proceedings. The United States filed a claim in the bankruptcy proceeding against the Debtor for its federal withholding tax liability. Furthermore, after the IRS seized the assets of the Debtor, the United States participated in the proceedings which led to a "turnover order," whereby the United States returned the assets to the Debtor and in exchange received monthly payments from the Debtor.

█ The Bankruptcy Code provides that a governmental unit is deemed to have waived its sovereign immunity with respect to any claim against the governmental unit which is property of the estate and arose out of the same transaction or occurrence out of which the governmental unit's claim arose. 11 U.S.C. § 106(a). This section does not govern the situation here, however. A "claim" is defined in the Bankruptcy Code as a right to payment or the right to an equitable remedy for breach of performance which gives rise to a right to payment. 11 U.S.C. § 101(4). Under this definition, the Debtor's petition for injunctive relief does not constitute a claim.

█ Moreover, the injunctive relief sought by the Debtor does not arise out of the same transaction or occurrence from which the United States' claim arose. The United States' claim against the Debtor is separate and distinct from the injunctive relief concerning Sonmez's liability which is

the concern of the Debtor's "claim." It cannot be said that the United States, by asserting its claim against the Debtor, waived its sovereign immunity with respect to the responsible person liability of the non-debtor Sonmez. Furthermore, there is no indication that the United States consented to the jurisdiction of the bankruptcy court to litigate the propriety of the United States' collection of the penalty from Sonmez.

█ Even if the bankruptcy court had jurisdiction over the Debtor's request for injunctive relief as to Sonmez's liability under § 6672, the court would be prevented from entering the injunction against the United States by the Anti-Injunction Act, I.R.C. § 7421. The statute provides that no suit for the purpose of restraining the collection of any tax shall be maintained in any court by any person, except as provided in certain enumerated statutes which are not relevant to the instant case. Bankruptcy courts are not excepted from the prohibition of the Anti-Injunction Act.

█ The Supreme Court recognized an exception to the Anti-Injunction Act in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). A court can enter an appropriate injunction where the plaintiff can show that under no circumstances could the government ultimately prevail and equity jurisdiction otherwise exists. *Id.* at 7, 82 S.Ct. at 1129. With respect to the first prong, the Court stated that the injunction could be maintained only if it is apparent on the basis of the information available to the government at the time of the suit, under the most liberal view of the law and facts, that the United States could not establish its claim. *Id.*

The *Enochs* exception does not apply to this case because it is not clear under the most liberal view of the facts that the United States cannot prevail. Actually, it is clear that the United States will prevail. The Debtor does not dispute Sonmez's liability under § 6672, it only disputes the amount. That the amount of Sonmez's lia-

bility may not be as great as the United States now claims does not constitute a showing that the United States cannot prevail on its assessment and collection.

■ Finally, the Debtor argues that application of the Anti-Injunction Act will unconstitutionally deny the Debtor equal protection of the laws because collecting the penalty from Sonmez will deprive the Debtor of the opportunity of reorganizing itself under the bankruptcy laws. The Debtor's argument is specious. The Equal Protection Clause guarantees like treatment to persons similarly situated. *Desris v. City of Kenosha,* 687 F.2d 1117, 1119 (7th Cir.1982). The Debtor does not contend that he is the member of a class which is irrationally being excluded from the protection of reorganization. The Debtor merely complains that under the peculiar financial circumstances in which it finds itself, it will be unable to work out a reorganization. The enactment of the Bankruptcy Code did not constitute a guarantee that all persons who seek reorganization protection under the Code will qualify for it. That the imposition of the penalty against Sonmez may make a reorganization of the Debtor unworkable does not mean that the Debtor has been deprived of equal protection under the law.

For the foregoing reasons, the order of the bankruptcy court enjoining the United States from collecting the penalty under I.R.C. § 6672 against Sonmez is reversed and this case is remanded to the bankruptcy court for further proceedings in accordance with this opinion.