UNITED STATES of America,
Appellant,

v.

CHATMAN ELECTRICAL SERVICES,
INC., Appellee.

In re CHATMAN ELECTRICAL
SERVICES, INC., Debtor.

CHATMAN ELECTRICAL SERVICES,
INC., Plaintiff,

v.

UNITED STATES of America, DEPART-
MENT OF TREASURY, INTERNAL
REVENUE SERVICE, Defendant.

Civ. A. No. 86–3156.
Bankruptcy No. 86–217.
Adv. No. 86–97.

United States District Court,
District of Columbia.

Nov. 6, 1987.

Stephanie Wickouski, Bethesda, Md., for plaintiff.

S. Martin Teel, Jr., Iryna A. Kwasny, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This case comes before the Court on appeal from a decision of the bankruptcy court enjoining the Internal Revenue Service (IRS) from assessing a tax liability against James Chatman. Appellant, United States, maintains that the bankruptcy court lacked jurisdiction to issue such an order because it lacks general subject matter jurisdiction, and because both the doctrine of sovereign immunity and the Anti–Injunction Act bar the issuance of such an injunction against appellant. The Court finds that the appeal should be granted.

## STATEMENT OF FACTS

Appellee, Chatman Electrical Services, Inc., filed for bankruptcy under Chapter 11 (11 U.S.C., § 1121) on April 1, 1986. Subsequently, the IRS notified James Chatman, the president and major shareholder of appellee, that due to the non-payment of taxes withheld from employee wages, it had assessed a 100% penalty against him pursuant to 26 U.S.C. § 6672. Appellee applied to the bankruptcy court for a preliminary injunction against collection of these taxes from Mr. Chatman and the bankruptcy court granted the requested relief.

Appellant petitions the Court to reverse the bankruptcy court's decision. It argues that the bankruptcy court lacked subject matter jurisdiction to enjoin the collection of § 6672 liabilities from Mr. Chatman, that the doctrine of sovereign immunity bars this suit against the United States, and finally that the Anti–Injunction Act, 26 U.S.C. § 7421, acts as a prohibition against the order of the bankruptcy court.

## DISCUSSION

It is important to note at the outset that the critical issue in this case does not concern the authority of the bankruptcy court

to enjoin an assessment against a debtor. This case involves a third-party, namely, the debtor's corporate officer. In this District, the question of the bankruptcy court's jurisdiction to enjoin an assessment by the IRS of a corporate officer is an issue of first impression. However, several other courts have addressed the issue and the facts of those cases are virtually identical to the instant action. While some of the bankruptcy and trial courts are in conflict on this issue, the Court of Appeals for the Eleventh Circuit has ruled decisively on this point and the Court adopts its reasoning. *See United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986).

Appellee contends that the bankruptcy court has jurisdiction to enjoin appellant pursuant to 11 U.S.C. § 505(a) which provides that the bankruptcy court "may determine the amount or legality of any tax ..." Appellee correctly notes that the plain language of the statute does not qualify the term "any" nor explicitly place limitations upon the bankruptcy court's powers in ruling on assessments by the appellant. However, appellee's contention taken to its logical extreme, means that § 505 confers power on the "[b]ankruptcy court to consider 'any' tax whatsoever, on whomsoever imposed. Of course, Congress did not intend any such result." *Matter of Interstate Motor Freight System*, 62 B.R. 805, 809 (Bkrtcy.W.D.Mich.1986). *See also Matter of East Wind Industries, Inc.*, 61 B.R. 408, 411 (D.N.J.1986) ("There is no indication that the Bankruptcy Court has jurisdiction over the liability of non-debtors.") To avoid this result, it is necessary to examine the legislative history of § 505. This is where the limitations can be discerned:

> The House amendment authorizes the bankruptcy court to rule on the merits of any tax claim involving an unpaid tax, fine, or a penalty relating to a tax, or any addition to a tax, of *the debtor or of the estate*. (emphasis added).

124 Cong.Rec. H11, 110–111 (daily ed. Sept. 28, 1978); S17, 426–428 (daily ed. Oct. 6, 1978). Thus, it is clear from the legislative history that Congress intended to confer jurisdiction on the bankruptcy courts only insofar as the tax was assessed against the debtor and not its officers.

Appellee concedes that "a corporate officer's liability for the 100% penalty is separate and distinct from the debtor company's tax liability." Appellee's Brief at 4–5. *See also United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1548 (11th Cir.1986) ("It is well established that the liability imposed under section 6672 [against the officer of the corporation] is separate and distinct from that imposed on the employer under ... the Internal Revenue Code.") However, appellee argues that an assessment against Mr. Chatman will interfere with the Chapter 11 proceedings over which the bankruptcy court clearly has jurisdiction. This contention was specifically rejected by the Court in *Huckabee*, however, which held it "irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization." *Id.* at 1549; *see also In Re Success Tool and Mfg. Co.*, 62 B.R. 221, 223 (N.D.Ill.1986).

The Court is aware of bankruptcy and district court cases which have held to the contrary.[1] However, we are not bound by these decisions but rather are persuaded by the reasoning of *Huckabee* and other cases which have declared that "[t]he jurisdiction of the bankruptcy courts encompasses determination of the tax liabilities of *debtors* who file petitions for relief under the bankruptcy laws." *United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1549 (11th Cir. 1986) (emphasis added). If jurisdiction is to be extended to include the officers of the debtor corporation, that decision is for Congress and not the courts.

Accordingly, the Court concludes that the bankruptcy court lacked jurisdiction to enjoin the IRS from assessing tax liability, pursuant to § 6672, against Mr. Chatman, the debtor's corporate officer. It appears

---

1. For example, *In re Jon Co., Inc.*, 30 B.R. 831 (D.C.1983); *In Re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bkrtcy.W.D.Tex.1984); *In re*

unnecessary to reach the other issues.[2] An appropriate Order consistent with this Memorandum Opinion will be issued.

### ORDER

Upon careful consideration of the appeal, the opposition thereto, and consistent with the accompanying Memorandum Opinion, it is this 6th day of November, 1987,

ORDERED that the decision of the bankruptcy court be, and hereby is, reversed; and it is further

ORDERED that the preliminary injunction be, and hereby is, dissolved.

*Major Dynamics, Inc.,* 14 B.R. 969 (Bkrtcy.S.D. Cal.1981).

**2.** While the Court finds it unnecessary to reach the sovereign immunity and Anti–Injunction Act issues, it appears that both of those doctrines operate to deprive the bankruptcy court of jurisdiction to issue an injunction of this kind. As to the sovereign immunity issue, *see In Re Success Tool and Mfg. Co.,* 62 B.R. 221, 223 (N.D.Ill. 1986) ("It cannot be said that the United States, by asserting its claim against the Debtor, waived it sovereign immunity with respect to the responsible person liability of the nondebtor."); *Matter of Interstate Motor Freight System,* 62 B.R. 805, 810 (Bkrtcy.W.D.Mich.1986) (Finding that "[s]overeign immunity is waived only with respect to claims of the estate"). With regard to the Anti–Injunction Act issue, *see La Salle Rolling Mills, Inc. v. United States of America,* 832 F.2d 390, 394 (7th Cir.1987) (Finding that "there is no indication in the Bankruptcy Code that Congress intended to supersede the Anti–Injunction Act ..."); *A to Z Welding & Mfg. Co. Inc. v. United States of America,* 803 F.2d 932, 933 (8th Cir.1986). (Holding that while the Anti–Injunction Act may not prohibit an injunction against collection from the debtor, when the IRS is attempting to collect "a tax assessed against officers and shareholders in their personal capacity ... [t]he anti-injunction act prohibits such a suit.")