**In the Matter of UPTON PRINTING COMPANY, INC., Debtor.**

**UPTON PRINTING COMPANY, INC. and William Bell, Plaintiffs,**

**v.**

**UNITED STATES of America.**

**Bankruptcy No. 89–01676.**

**Adv. No. 89–1265.**

United States Bankruptcy Court, E.D. Louisiana.

Sept. 29, 1989.

Douglas S. Draper, Friend, Wilson & Draper, New Orleans, La., for Upton Printing and William Bell.

Eneid Francis, Asst. U.S. Atty., New Orleans, La., for the IRS.

REASONS FOR JUDGMENT

THOMAS M. BRAHNEY, III, Bankruptcy Judge.

This matter came before the Court on a Complaint for Injunction and Temporary Restraining Order filed by the Debtor, Upton Printing Company, Inc., and William Bell, President and sole and shareholder of the Debtor, on September 20, 1989. The Complaint seeks to enjoin the Internal Revenue Service of the United States ("IRS"), through a temporary restraining order and a subsequent injunction, from collecting a 100 percent (100%) penalty that has been assessed against Mr. Bell. A hearing was held on this matter on September 25, 1989, at which time the Court heard statements of counsel and testimony from witnesses. After consideration of these statements, the evidence offered at the hearing and the applicable law, the Court finds that Debtor's request must be denied.

The penalty in question was assessed against Mr. Bell pursuant to 26 U.S.C. § 6672 (the Internal Revenue Code). 26 U.S.C. § 7421 prohibits any court from enjoining the assessment or collection of any tax. The Fifth Circuit has not addressed the issue of whether a bankruptcy court can enjoin the collection of a § 6672 penalty from an officer of a debtor-corporation who is not individually in bankruptcy. However, the United States has cited two cases from other circuits, with similar circumstances, in which the issue was decided. In both *Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir.1987) and

*A to Z Welding & Mfg. Co. v. United States*, 803 F.2d 932 (8th Cir.1986), district court decisions holding that the bankruptcy court did not have the authority to enjoin the IRS from collecting such debts were affirmed on appeal. This Court will follow the direction of these cases. *See also, United States v. Casa Garcia, Inc. and Mr. and Mrs. Octavio Garcia,* Civil Action No. 89–110, Sect. H, 1989 WL 30258 (E.D.La. March 22, 1989).

■ Furthermore, there also appears to be a question as to the specific amount of the tax liability involved, including that of Mr. Bell. Two circuit courts have found that a bankruptcy court does not have the jurisdiction to determine the tax liability of non-debtors, even if there is a relation to the tax liability of the debtor. *In re Brandt–Airflex Corp.,* 843 F.2d 90 (2nd Cir.1988); *United States v. Huckabee Auto Co., Inc.,* 783 F.2d 1546 (11th Cir.1986). This Court cannot, therefore, determine the tax liability of Mr. Bell.

Accordingly, the temporary restraining order and injunction sought by Debtor and Mr. Bell will not be granted and the Complaint will be dismissed. An appropriate Judgment will be entered.