**In re Billy J. SIMS, Debtor.**

**Bankruptcy No. 94–03279–BGC–7.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Jan. 10, 1995.

Jon B. Terry, Bessemer, AL, for debtor.

Sam Raine, Jr., Birmingham, AL, pro se.

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

### (For Lack of Jurisdiction)

BENJAMIN COHEN, Bankruptcy Judge.

This matter came before the Court for trial on the Claim of First Mortgagee to Proceed with Mortgage Foreclosure and Right to Rent and Allow Tenant to Occupy

Abandoned Property of Debtor Estate (Proceeding No. 12), the Claim and Notice by Sterling Limited, Inc., First Mortgagee to Improvements/Fixtures and Hand Delivered Notice to Greentree Financial Inc., of Bankruptcy Court Hearing (Proceeding No. 16) and the Motion for Relief From Automatic Stay to Allow Ownership Claims to be Settled in State Court Pursuant to Rule 4001 of United States Bankruptcy Code (Proceeding No. 21), all filed by Mr. Sam Raine, Jr. Appearing were Mr. Sam Raine, Jr., pro se, Mr. William Schley Hereford, the attorney for Green Tree Financial Corp. ("Green Tree"), and Mr. Don Newberry, a field representative of Green Tree. The matter was submitted upon the record in the case and the arguments of counsel, the testimony of Mr. Raine and Mr. Newberry, and the exhibits offered and admitted into evidence.

Green Tree holds a security interest in a mobile home owned and previously occupied by the Debtor as his homestead. Green Tree has been granted relief from the stay, by consent of the Debtor and the Trustee, to foreclose its security interest (Proceeding No. 14). The proceedings on the Green Tree motion for relief, however, did not involve or resolve any questions regarding Green Tree's rights to the property as between it and parties other than the Debtor and the Trustee.

Mr. Raine is the mortgagee of the real estate on which the mobile home is situated. The Debtor is the mortgagor and is in default. Mr. Raine claims that, according to Alabama law, the mobile home is a "fixture" on the real estate, that the security interest of Green Tree has not been properly perfected, and that he, rather than Green Tree is entitled to possession of the mobile home.

Mr. James G. Henderson, the bankruptcy trustee, has filed a "no asset" final report in which he abandoned the estate's interest in the mobile home and real estate, as well as any other property once owned by the Debt-

or (proceeding No. 11). The Debtor has also specifically abandoned his interest in the real estate and mobile home (Proceeding No. 15). The dispute, therefore, lies strictly between Mr. Raine and Green Tree. Futhermore, the dispute between Mr. Raine and Green Tree involves questions of state law and does not involve bankruptcy law issues.

The gist of the relief sought by Mr. Raine in his various motions is that he should be allowed to proceed under state law to foreclose his mortgage and to gain possession of the real property and the mobile home, to the extent he is entitled to foreclose and obtain possession of the real estate and mobile home under state law and the contract he has with the Debtor. Mr. Raine also seeks to have questions regarding title in and right to possession of the mobile home, as between Green Tree and him, litigated in state court, rather than the bankruptcy court.

At the trial of this matter, the Court allowed testimony and other evidence to be presented on the substantive, nonjurisdictional issues between the parties, with the understanding of both parties that the Court would first address the question of whether this Court had jurisdiction over these matters. The parties agreed. As both were prepared for a trial on the merits, rather than require the participants to return if jurisdiction was found to lie in this Court, a trial was held on October 18, 1994.

This Court has attempted to accommodate the parties with a ruling on the merits, but after significant time and research is unable to do so. The law in this circuit is clear. This Court lacks jurisdiction to decide the substantive issues between these parties. "[I]f the resolution of litigation cannot affect the administration of the estate, the bankruptcy court does not have jurisdiction to decide it." *In re Gallucci*, 931 F.2d 738, 742 (11th Cir.1991).[1] Resolution of the dispute

---

1. For the purpose of illustrating this axiom, the court of appeals cited as an example the following circumstances, which so happen to be virtually identical to those in the present case:

For example, in *In re Denalco Corp.*, 57 B.R. 392 (N.D.Ill.1986), two secured creditors asked the bankruptcy court to determine which of

them had the superior interest in a piece of the debtor's equipment; the bankruptcy trustee disclaimed any interest in the equipment since the creditors' claims exceeded it value. On these facts, the district court held that the action was a noncore, unrelated matter; the resolution of the creditors' competing claims

between Mr. Raine and Green Tree will neither increase nor decrease either the liabilities or assets of the bankruptcy estate, or of the Debtor. Nor will resolution of the dispute either hinder or facilitate the administration of the bankruptcy estate, which has already been concluded. Also, resolution of the dispute will not affect the Debtor's right to a discharge. Because the dispute between Mr. Raine and Green Tree has no connection with either the bankruptcy estate, the Debtor, or the Trustee, this Court lacks jurisdiction to hear and dispose of the same.[2] *See In re Challenge Air Int'l, Inc.,* 952 F.2d 384 (11th Cir.1992); cf. *United States v. Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir.1986).

In accordance with the foregoing discussion, the Court has determined that Mr. Raine should be granted relief from the stay to proceed under state law to foreclose his mortgage and to gain possession of the real estate and mobile home, and to litigate questions regarding the ownership of the mobile home in a forum other than the bankruptcy court.[3]

It is therefore **ORDERED** that:

1. Mr. Sam Raine, Jr., is granted relief from the stay to proceed under state law to foreclose his mortgage and to gain possession of the mortgaged real estate and mobile home made the basis of these proceedings.[4]

2. Mr. Sam Raine, Jr., is granted relief from the stay to litigate questions regarding the ownership of the mobile home made the basis of these proceedings in a forum other than the bankruptcy court.

3. To the extent that the various motions and pleadings filed by Mr. Raine, which relate to the dispute between him and Green Tree regarding the mobile home, request relief different from that granted by way of the preceding paragraphs 1 and 2, said motions and pleadings are hereby dismissed.

Done and ordered.

---

could not affect either the assets or the liabilities of the debtor's estate.
931 F.2d at 742.

2. 28 U.S.C. § 157(b)(2)(K) provides that a "core proceeding," over which the bankruptcy court has jurisdiction, includes "determinations of the validity, extent, or priority of liens." That section of the statute only makes sense, however, if taken to refer strictly to liens *on property of the bankruptcy estate.* "Otherwise, we would be asserting a form of jurisdiction ferae naturae, capable of the rampant adjudication of property rights wherever found and by whomever owned." *In re Denalco Corp.,* 57 B.R. at 395, quoting, *In re Dr. C. Huff Co.,* 44 B.R. 129, 134 (Bankr.W.D.Ky.1984).

3. For purposes of judicial economy, if the parties litigate these matters in state court, they may want to consider submitting the matters on the record from this Court.

4. This order does not in any respect resolve the dispute between Mr. Raine and Green Tree. The function of this order is merely to allow the parties to take their dispute elsewhere. While this order allows Mr. Raine to proceed under state law and in state court, if that is what he chooses to do, it is not intended to suggest that he or Green Tree actually have interests in or rights to the property, or to define what rights, if any, Mr. Raine or Green Tree have in the property.