**In the Matter of Judith A. COLLISTER, Debtor.**

**Bankruptcy No. 80–932.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Jan. 22, 1981.

David W. Steen, Tampa, Fla. for debtor.

Chris C. Larimore, Bradenton, Fla., trustee.

Neel Weinstein, Tampa, Fla., for defendants.

## ORDER DENYING CONFIRMATION OF PLAN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 proceeding instituted by Judith A. Collister, who filed her petition for an Order for Relief under Chapter 13 of the Code on July 1, 1980. The schedules filed by the Debtor indicate $13,-742.43 in unsecured debts and one secured obligation in the approximate amount of $105,000. Although the schedules of liabilities failed to list an obligation to the United States of America, it is now admitted that she is liable, at least contingently, as a corporate officer in the amount of $8,020.40 as the sole stockholder and principal of a corporation known as The Children's Center of Manatee County, Inc. (the Center), a corporation which is also involved in a relief chapter proceeding under Chapter 11 of the Code.

The original plan by this Debtor was filed on July 28, 1980 which proposed to pay to the trustee, $140 monthly for 36 months or a total of $5,084.56 or approximately a little more than 30 percent of the unsecured claims. The plan proposed to pay the secured creditor outside the plan although it proposed to cure the default in 18 months but also outside the plan. An unsecured creditor filed an objection to the confirmation of the plan on the ground that the plan was not feasible; it was not proposed in good faith; and the proposed payments were less than the amount the creditors would realize upon liquidation. In addition, the secured creditors, Mr. and Mrs. Hobson, also objected to confirmation on the ground that the debtor's proposal to cure the default was not reasonable.

On September 10, 1980, the Debtor filed a request to convert the case to a Chapter 11 case. On September 12, 1980, this Court entered its findings and an order and sustained the two objections to confirmation and denied confirmation of the original plan. The order also provided that a hearing shall be scheduled to consider whether or not this case should be converted to a case under Chapter 7, or dismissed pursuant to § 1307(c)(4) of the Code.

In due course, a hearing was scheduled and held to consider the dismissal or conversion of the case, and also the request to convert the case to Chapter 11. On October 21, 1980, the Court entered an order and deferred ruling on the matter of dismissal or conversion either to Chapter 7 or to Chapter 11. On October 31, 1980, the Debtor filed an amended plan which proposed to pay to the trustee $150 monthly for 36 months or a total amount of $5,400, and again proposed to pay the secured creditors outside the plan, including the monies necessary to cure the default which the Debtor proposed to accomplish within 18 months. The amended plan was also challenged by Mr. and Mrs. Hobson, basically on the ground that the plan is not feasible. This amended plan is equally unacceptable and cannot be confirmed for the following reasons:

The obligation owed by the Debtor to the Government is $8,130.40. Thus, it is evident that the plan does not propose to pay the Government in full as required by § 1322(a)(2) of the Code. Moreover, it appears that the Debtor proposed to modify the rights of Mr. and Mrs. Hobson who are the holders of a mortgage on the principal residence of the Debtor which, by virtue of § 1322(b)(2) cannot be done. Concerning this point, it is the contention of the Debtor that while the real property is her sole and principal residence, it is also the place of business of the corporation owned and controlled by her and therefore, the prohibition of § 1322(b)(2) is not applicable. Be as it may, the plan as indicated, proposes to cure the default which is now in the approximate amount of $8,000 outside of the plan, a proposition not supported by any provisions of the Code and cannot be binding on the secured creditors. Thus, even a superficial review of these figures indicate that the Debtor would have to pay approximately $600 just to service the obligation to the IRS and to cure the default on the real property mortgage, which represents a $450 shortfall under the amended plan.

As noted, Judith A. Collister is a principal and a sole stockholder of The Center which is also involved in a business reorganization proceeding under Chapter 11 of the Code. The schedules submitted by the Center lists total liabilities in the amount of $11,640.95 out of which unsecured claims are stated to be $5,640.95 and a tax obligation to the United States in the approximate amount of $6,000. The Center is the operator of a day care center in the residence of the Debtor and is supposed to pay her a rent of $900 a month and beginning February of this year, $950 a month, the amount obviously geared to the monies needed to service the mortgage payments due to the Hobsons. With the exception of one monthly payment in November, the Hobsons have not received any monthly payment since the commencement of these proceedings. The Debtor was also authorized by this Court to receive a $200 a week salary from the Center and although the evidence is not clear, there is no doubt that there were times when the Center has not been able to meet this obligation and the Center owes the Debtor money for wages. The amount of salary indicated is the sole source of her income in addition to the rent mentioned and these monies would be the sole source of funding the amended plan. The Center's gross revenue was $2,000 for the month of August, $2,500 for the month of September, $2,000 for the month of October, and $1,500 for the month of November. According to the reports filed, the cash position of the Center is precarious to say the least and the enrollment in the Center never exceeded 35 pupils. The monthly current operating overhead of the Center is in the approximate amount of $1,000 and this does not take into consideration the rent obligation owed to the Debtor in the amount of $900. Considering the foregoing, this Court is satisfied first, that the plan does not comply with the provisions of Chapter 13 as required by § 1325(a)(1) nor with § 1325(a)(6) and therefore, cannot be confirmed.

In light of the foregoing conclusion, it is unnecessary to consider whether or not the Debtor is permitted to modify or alter the rights of secured parties whose claim is secured by mortgage on the principal residence of the Debtor. This leaves for consideration whether or not the Debtor should be permitted to further amend the plan. This Court heard identical testimony approximately four months ago which basically revealed the same facts.

This Court is satisfied that there would not be any purpose to grant leave to amend since under the present conditions this Debtor could not possibly submit a plan which would be feasible and which would meet the requirements of the Code, that is, to pay the obligation owed to the Government in full within the time frame suggested. While it is true that this obligation is contingent and may be eliminated in part or in full if the Center is able to effectuate a reorganization, this proposition is doubtful and highly questionable. Although the Center's case has been pending since July, no Disclosure Statement has been filed so far; no plan of reorganization has been submitted; and, the case is dormant for all

practical purposes and may be subject to a dismissal under § 1112(b)(2), (3), (4).

Accordingly, it is

ORDERED, ADJUDGED and DECREED that the objection to confirmation be, and the same hereby is, sustained and the confirmation of the amended plan be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED and DECREED that the Chapter 13 case of the above-named Debtor, Judith A. Collister, be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED and DECREED that the automatic stay imposed by § 362 be, and the same hereby is, extended until the expiration of 10 days from the date of entry of this Order and which expires on the 11th day unless within said ten days, the Debtor either files a notice of appeal and obtains a stay pending appeal, or files a Motion for Rehearing pursuant to Bankruptcy Rule 812 or unless the Debtor files a request to convert to a case under Chapter 7 of the Bankruptcy Code.