**In re Richard August BAXTER, Sheila Marie Baxter, Debtors.**

**Bankruptcy No. 2–86–04397.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Feb. 2, 1988.

Frank M. Pees, Worthington, Ohio, trustee.

Milton A. Hayman, Steubenville, Ohio, for debtors.

Robert Weinberger, State Tax Dept., Compliance Div., Charleston, W.Va., for West Virginia State Tax Dept.

## ORDER ON OBJECTION TO CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the debtors' objection to a claim asserted by the West Virginia Department of Taxation ("W.Va."). The objection was opposed by W.Va. and was heard by the Court. The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and by the General Order of Reference entered in this district. This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(B).

Richard and Sheila Baxter are debtors in a Chapter 13 case pending before this Court. Their Chapter 13 plan, confirmed on March 26, 1987, provides for payments of $255.79 each month to the Chapter 13 Trustee for repayment in full of allowed secured and priority unsecured claims and a 50% dividend to allowed unsecured claims.

On June 20, 1987 W.Va. filed its claim in the amount of $34,220.47 for unpaid sales taxes and income taxes collected or withheld by Augusto's Pizza, Inc. ("Augusto's"), a corporation operating in West Virginia of which the Baxters are shareholders and officers. W.Va. asserts that these debtors, as principal officers of Augusto's, are responsible for those unpaid taxes and that such taxes must be paid in full under the Chapter 13 plan.

In response, the debtors assert that Augusto's is the debtor-in-possession in a Chapter 11 case pending in the bankruptcy court for the Northern District of West Virginia. As part of any plan of reorganization to be confirmed in that case, W.Va.'s claim for the unpaid taxes will be satisfied. The debtors also questioned W.Va.'s assertion of liability against them for these taxes owed by the corporation.

W.Va.'s claim is composed of priority unsecured amounts of $27,401.89, of which $1,012.09 represents income taxes withheld by Augusto's from wages of its employees and $26,389.80 represents sales taxes collected from customers, but not turned over to W.Va. The claim also includes general unsecured amounts of $6,818.58, of which $105.21 is withholding tax liability and $6,713.37 is sales tax liability.

The issues before the Court are two-fold. First, are these unpaid taxes correctly as-

serted as claims against the debtors; and second, if the taxes are properly assertable against the debtors, must they be paid in full through the debtors' Chapter 13 plan?

In support of the debtors' liability, W.Va. relies upon certain provisions of the West Virginia Code, case law, and 11 U.S.C. § 507(a)(7)(C).

■ The statutory provisions submitted to the Court by W.Va. in support of its position are contained in Chapters 9, 10, 15 and 21 of Article 11 of the West Virginia Code. Specifically, those sections are 11-9-4, 11-9-5 & 11-9-6; 11-15-3, 11-15-4a & 11-15-17; and 11-21-71 through 11-21-76. Certain portions of Chapter 21 also incorporate Chapter 10. It appears to the Court from the portions submitted that Article 11 relates entirely to taxation matters. Chapter 9 relates to crimes and penalties; Chapter 10 relates to procedure and administration; Chapter 15 relates to consumer sales or excise taxes; and Chapter 21 relates to personal income taxes. The only section specifically relating to personal liability of officers of a corporation is found at § 11-15-17, which states:

> "If the taxpayer is an association or corporation, the officers thereof shall be personally liable, jointly and severally, for any default on the part of the association or corporation, and payment of the *tax* and *any additions to tax, penalties and interest thereon imposed by Article Ten* of this chapter may be enforced against them as against the association of corporation which they represent." (emphasis added) West Virginia Code § 11-15-17.

The Court finds that the "tax" referred to in West Virginia Code § 11-15-17 is the "tax" imposed by article 15—the consumer sales tax. The "additions to tax, penalties and interest" imposed by § 11-15-17 relate to sanctions set forth in Article 10 which might apply to any overdue or improperly paid taxes. On its face, and in context with other provisions in Chapter 15 imposing a duty upon corporate vendors to collect and pay over such sales taxes, the Court finds that West Virginia Code § 11-15-17 establishes the debtors' liability for the $33,-103.17 included in W.Va.'s claim for unpaid sales taxes.

With regard to the income taxes withheld from employees of Augusto's, but not paid over to W.Va., the Court finds no support in the statutes submitted for tax liability on the part of these debtors. The relevant provisions of West Virginia Code, Chapter 21, clearly establish Augusto's liability for these taxes. No section which imposes liability upon corporate officers for income taxes, analogous to the provisions of § 11-15-17 for sales taxes, was submitted to the Court. Therefore, the Court finds that West Virginia statutory law apparently does not impose tax liability upon the officers of a corporation for income taxes withheld by the corporation as an employer and not paid over to the taxing authority.

■ Even without a statutory basis for liability, W.Va. argues that 11 U.S.C. § 507(a)(7)(C) imposes liability upon the debtors for the income taxes. Section 507(a)(7)(C) grants a priority unsecured claim for "allowed unsecured claims of governmental units only to the extent such claims are for–... a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." However, Section 507(a)(7)(C) does not create liability. It merely grants a priority for repayment of such taxes if the liability for those taxes exists. Accordingly, the Court finds that W.Va.'s reliance upon § 507(a)(7)(C) for the establishment of liability for withholding taxes is misplaced.

Finally, W.Va. relies for the imposition of liability upon cases cited in its memorandum in opposition to the debtors' objection to its claim. The Court has reviewed each of the cases cited, but finds they do not support W.Va.'s position. Specifically, the only two cases directed toward § 507(a)(7)(C), the provision granting priority for so-called "trust fund" taxes, are *Shank v. Washington State Dept. of Revenue (In re Shank)*, 792 F.2d 829 (9th Cir. 1986) and *DiChiaro v. N.Y. State Tax Com'n*, 760 F.2d 432 (2nd Cir.1985). In both of those cases the bankruptcy debtor was the employer who had collected sales taxes from customers and had failed to pay

those taxes to the appropriate taxing authority. The sole issue in both cases, because the taxes at issue predated the bankruptcy filing by more than three years, was whether such taxes were included in § 507(a)(7)(C) as "trust fund" taxes or were excise taxes subject to discharge upon staleness. See 11 U.S.C. § 507(a)(7)(E). Neither case discussed responsible officer liability. In fact, the only case cited by W.Va. which related to responsible officer liability was *In the Matter of Collister*, 8 B.R. 510 (Bankr.M.D.Fla.1981).

The tax liability in *Collister* was owed to the federal government for social security and income taxes withheld from employees of a corporation of which the debtor was a responsible officer. It is without question, however, that in that circumstance the Internal Revenue Code has statutory provisions which impose liability upon certain corporate employees for a penalty, in the nature of an alternative tax equal to the amount of the tax withheld and not paid over, plus interest and other applicable charges. 26 U.S.C. §§ 6671 and 6672. The difficulty in this matter, however, is that West Virginia apparently has no such corresponding statute. That deficiency is a problem which only the West Virginia legislature can resolve. It is not a result for which these debtors may be held accountable.

As an aside, the Court's own research in this matter reveals that West Virginia, through the crimes and penalties set forth in Chapter 9 of Article 11, may impose criminal liability upon "persons" who willfully fail to pay over income taxes withheld from the wages of employees. Further, the definition of "persons" for purposes of Chapter 9, as set forth in 11–9–3, arguably includes these debtors. While such liability is not tax liability, should Augusto's fail to pay sums representing these withheld income taxes in its Chapter 11 plan, the debtors may wish to address that concern through their Chapter 13 plan.

■ With regard to the sales taxes for which the debtors' personal liability has been established, the Court finds that such obligations must be provided for under the Chapter 13 plan. For the portion of that claim in the amount of $26,389.80, representing the priority unsecured portion, the Chapter 13 plan must provide payment in full. 11 U.S.C. § 1322(a)(2). For the portions of the sales taxes which are only general unsecured claims, in the amount of $6,713.37, the Chapter 13 plan must provide the same dividend as for other general unsecured claims.

■ Provision for payment of the sales tax claims in the Chapter 13 plan may be accomplished, however, by proposing that Augusto's pay such taxes in its Chapter 11 plan. Any such amendment to the debtors' plan must specify, however, that Augusto's failure to have a plan confirmed by the Bankruptcy Court of the Northern District of West Virginia triggers the requirement that such sales taxes be paid through this Chapter 13 plan. Some means to pay such payments must also be stated.

Accordingly, the debtors are given twenty (20) days to amend their Chapter 13 plan to provide for payment of the sales taxes owed by Augusto's for which they have personal liability. Failure to satisfactorily amend that plan may result in dismissal of the Chapter 13 case for failure to meet the statutory requirements.

Based upon the foregoing, the debtors' objection to W.Va.'s claim is overruled in part and sustained in part.

IT IS SO ORDERED.