**In re George DOBBINS, and Jean E. Dobbins, Debtors.**

**Bankruptcy No. 88–24264–D(dh).**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Dec. 19, 1989.

Herman Morris, Jr., Memphis, Tenn., for debtor.

Gary Vanasek, Memphis, Tenn., for I.R.S.

George Stevenson, Memphis, Tenn., Standing Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER ON MOTION TO ALLOW CLAIM AND AMEND PLAN

**BERNICE BOUIE DONALD,**
Bankruptcy Judge.

This core proceeding[1] was before the court on September 26, 1989 on motion of the United States through the Internal Revenue Service ("I.R.S."), to allow its claim and amend debtor's plan.[2] The issue for judicial determination is whether trust fund tax penalties assessed against Mr. Dobbins are properly payable through debtors' chapter 13 plan? The following shall constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FACTUAL AND CASE SUMMARY

Debtors filed a petition under chapter 13 of the Bankruptcy Code on June 20, 1988. Debtors' plan was confirmed by this court on November 9, 1988.

On September 21, 1988, the I.R.S. filed a proof of claim for tax penalties owed by Mr. Dobbins pursuant to 26 U.S.C. § 6672. These penalties arose as a result of Mr. Dobbins', as president of Dobbins & Company, failure to pay 941 "trust fund" taxes.[3] The 941 taxes in question were required to be withheld by Dobbins & Company and paid over to the I.R.S. on a quarterly basis.

Dobbins & Company filed a petition under chapter 11 of the Bankruptcy Code on December 13, 1985.[4] The I.R.S. filed claims for prepetition and postpetition tax-

---

1. 28 U.S.C. § 157(b)(2)(B)

2. The court instructed the parties to brief the relevant issues. Mr. Gary Vanasek, representing the I.R.S., was given a deadline of October 10, 1989 to submit a brief and Mr. Herman Morris, Attorney for debtor, was given a deadline of October 24, 1989 to reply. Mr. Morris failed to submit his brief.

3. Trust fund taxes are withholding taxes paid by the employee to the employer for the latter to hold in trust for the government, in payment of social security and income taxes.

4. Case No. 85–26056, Dobbins & Co. d/b/a Dobbins Building Maintenance.

es in the chapter 11 case.[5] The chapter 11 plan of reorganization was confirmed by Judge Leffler on December 3, 1986. The plan provides for payment of the prepetition claims of the I.R.S. within six (6) years of the dates of assessments with applicable statutory interest rates. Administrative postpetition claims of the I.R.S. were to be paid in cash upon request, notice and a hearing.

Dobbins & Company has paid approximately eleven thousand two hundred seventy-nine dollars and four cents ($11,279.04) to the I.R.S. since confirmation of the plan. However, liabilities exist in the amount of approximately one hundred thirty thousand seven hundred ninety-eight dollars and twenty-two cents ($130,798.22).

The I.R.S. asserts a priority claim in the amount of eighty-six thousand seven hundred ninety dollars and twenty-seven cents ($86,790.27) based on 100% penalties owed by Mr. Dobbins. The I.R.S. is asserting its claim against Mr. Dobbins personally, as a responsible officer of Dobbins & Company, based on the lack of progress by the debtor-in-possession in reducing its indebtedness to the I.R.S. Initially, the I.R.S. sought to allow the corporate debtor to get back on its feet, so that it could pay the taxes due. However, the I.R.S. is not satisfied with the progress of Dobbins & Company, and instead seeks to collect the taxes through the chapter 13 plan of George Dobbins.

It is undisputed by the parties that the 100% penalty liability of George Dobbins is a separate and distinct liability relative to the 941 tax liability of Dobbins & Company. Further, if the 941 taxes are paid, the 100% penalties would be abated. Thus, payment in full of either liability will, in essence, abate the need for payment of the other.

Debtor argues that his chapter 13 plan cannot service this I.R.S. debt. To include a debt of such magnitude in the chapter 13

plan would be the equivalent of a dismissal, and will certainly have negative ramifications on the confirmed chapter 11 plan. Debtor avers that the standard to be applied here is whether there is a reasonable expectation that the taxes will be paid through the chapter 11 plan. Debtor alleges that the chapter 11 plan did not provide for payments to I.R.S. to begin until the summer of 1989, but the corporation may now require twelve (12) additional months before payments begin.

The debtor avers that, for twelve months, the I.R.S. has received payments from debtor to the detriment of other creditors, but that this scenario cannot be maintained. In fact, debtor states that this payment of money to the I.R.S. shows debtor's good faith and desire to repay his debts.

The parties did not offer proof at the hearing, but agreed that proof may be required depending on which of two issues is presented. If the court found the narrow issue to be whether the tax penalty claim should be paid through the chapter 13 plan, no further proof would be necessary. Yet, if the court deems that it is significant whether the chapter 11 case is succeeding, based on the previous arrangement between the I.R.S. and the debtor, then proof as to the corporation's activity would be necessary for such a determination.

## DISCUSSION

The United States Supreme Court, in a plurality opinion, held that the 100% penalty assessed by the I.R.S. against a responsible corporate officer under 26 U.S.C. § 6672, is a tax within the meaning of the Bankruptcy Act § 17(a). *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978).

Section 17(a) excepted from discharge the same trust fund taxes described in 11 U.S.C. § 507(a)(7)(C).[6] However, in the dis-

---

**5.** The claims were filed on May 5, 1986 and July 7, 1988.

**6.** 11 U.S.C. § 507(a)(7)(C) states:
   **§ 507. Priorities.**
   (a) The following expenses and claims have priority in the following order:

   (7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
   (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

senting opinion in *Sotelo* filed by Justice Rehnquist, in which Justices Brennan, Stewart, and Stevens joined, the consensus was the Bankruptcy Act, that lead it to conclude that penalties imposed under § 6672 were non-dischargeable, has in actuality, undermined the intent of Congress to alleviate the hardships resulting from non-dischargeable debts. *Sotelo*, 436 U.S. at 282–283, 98 S.Ct. at 1803–1804 (Rehnquist, J., dissenting). Instead, the dissent would hold that § 6672 penalties are not in fact taxes within the meaning of section 17(a), and thus would potentially be dischargeable penalties. *Id.* at 283, 98 S.Ct. at 1804.[7]

It is clear that officers of a corporation are individually liable for penalties for non-payment of trust fund taxes by the corporation. 26 U.S.C. §§ 6671, 6672. *Datlof v. United States*, 370 F.2d 655 (3rd Cir.1966), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967). Moreover, the I.R.S. does not have to pursue the corporation's liability for overdue trust fund taxes, prior to assessing responsible persons with tax penalties to cover nonpayment of those taxes. *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986).

In *Huckabee Auto Co.*, the court stated that § 6672 is not penal in nature but is "simply a means of ensuring the tax is paid". *Id.* at 1548. The court went further to state that the penalty is collectable as a tax, therefore, once liability is assessed, a lien arises against the property of the person against whom the tax is assessed. *Id.* at 1549. 26 U.S.C. § 6321 (1982).

In *Huckabee Auto Co.*, the court found that the bankruptcy court lacked jurisdiction to determine the liability of non-debt-ors for § 6672 penalties. Thus, the court could not enjoin the I.R.S. from collecting section 6672 tax penalties against officers of the chapter 11 debtor, when those officers had not availed themselves to protection under the Bankruptcy Code. 783 F.2d at 1549. The court then dismissed the debtor's argument that it was relevant that assessing penalties against individual officers would adversely affect the corporation.[8] Conversely, it is implicit in the court's opinion that if the officers were debtors themselves, the court would have jurisdiction and it seemingly would be probative whether the assessment of tax penalties against those officers would adversely affect the corporate debtor.

In *In re Baxter*, 82 B.R. 903 (Bankr.S. D.Ohio 1988), debtors were officers of Augusto's Pizza, Inc., a corporation in chapter 11 in West Virginia. Debtors were in a chapter 13 in Ohio. West Virginia's claim was composed of withholding taxes and sales taxes owed by the corporation. The issue presented in *Baxter* was whether the taxes, if properly assertable against debtors, must be paid through the chapter 13 plan? The court found that the West Virginia Code provided for personal liability of debtors' for the sales taxes, but not for the withheld income taxes. *Id.* at 905. The court held that debtors must provide for payment of the sales taxes through the chapter 13 plan. *Id.* at 906. However, the court went further to hold that providing for payment of those claims through the chapter 13 plan may be accomplished through a proposal that the corporate debtor pay such taxes in its chapter 11 plan. *Id.* Yet, the court conditioned its ruling on the chapter 11 plan being confirmed.

---

7. The court observes that the issue of whether penalties under 26 U.S.C. § 6672 are nondischargeable taxes has not been reconsidered by the United States Supreme Court. If reconsidered, based on the plurality decision in *Sotelo*, penalties under § 6672 could be deemed nontax liabilities depending on the views of the new members of the court. Since the current Court structure has changed in that Chief Justice Burger and Justices Stewart and Powell are no longer members, but have been succeeded by Justices O'Conner, Scalia and Kennedy, it is mere speculation whether the court would overrule *Sotelo*, based on present day situations. Yet, it is noteworthy that as the present court stands, three Justices agree that the penalties under § 6672 are taxes, three Justices agree that the penalties under § 6672 are not taxes, and three Justices have not addressed the issue.

8. The corporate by-laws allowed officers to seek indemnification from the corporation for matters that the officers were involved in by reason of their positions with the corporation. *Huckabee*, 783 F.2d at 1547 n. 1.

In *In re Collister*, 8 B.R. 510 (Bankr.M.D.Fla.1981), tax liability was assessed against Judith A. Collister, as principal of a corporation, for the corporation's failure to pay certain taxes. Ms. Collister was a debtor under chapter 13. The court noted that debtor's liability was contingent on the business effectuating a reorganization which the court found was highly questionable. The court stated that the chapter 11 case was approximately seven (7) months old, and no disclosure statement or plan of reorganization had been filed, thus, the case was dormant for all practical purposes. *Id.* at 512–513.

In the chapter 11 case, the I.R.S. was to receive payments on its debt in mid–1989. At that time, the I.R.S. anticipated payments to begin and to receive the benefit of that bargain by attaching accumulated interest onto the claim for the deferred payment. However, the I.R.S. alleges that the chapter 11 debtor has failed to comply with the plan. The result of the instant proceeding will directly affect the chapter 11 plan as the I.R.S. seeks now to have the liability placed on debtor in his chapter 13 plan.

■ Although the underlying purpose of § 6672 is for a third person to pay the tax liability of another, it must be read with an eye toward the ultimate goals of the Bankruptcy Code. The court must weigh the reasonable potential of the § 6672 claim being paid versus the adverse effects on the chapter 11 debtor, if the individual in chapter 13 is forced to pay the penalties.

Certainly, the chapter 11 and chapter 13 debtors are closely intertwined, such that matters affecting one debtor will affect the other. In this regard, if the chapter 13 debtor is forced to pay the § 6672 penalties through his plan, it is readily apparent that the chapter 11 plan will fail, leading to the demise of the chapter 13 case. Consequently, a dismissal of the chapter 13 case will in all probability have certain negative ramifications on the chapter 11 debtor, as debtor's liability may force the chapter 11 debtor into liquidation.[9]

■ Caselaw indicates that courts are willing to allow corporate debtors the opportunity to pay their trust fund taxes through a confirmed plan, in order to alleviate the need to have those taxes paid by other responsible parties through their chapter 13 plans. However, the nexus of such reasoning lies with the reasonable probability of payment of those taxes by the chapter 11 debtor. Thus, it is imperative that the court review the status of the chapter 11 debtor in order to ascertain if it is feasible for it to pay the taxes. Clearly, it is not feasible for the taxes to be paid through the chapter 13 plan, yet, this factor alone does not preclude the court from finding that the penalties are properly payable by Mr. Dobbins, through his chapter 13 plan.

■ Therefore, based on the foregoing, oral arguments, the I.R.S. memorandum and the entire case record, the court finds that proof as to the progress and current status of Dobbins & Co. is required before it can rule on the present issue. The parties are instructed to appear on January 9, 1989 in courtroom 1225 at 10:00 a.m. for hearing on the court's sua sponte motion for additional proof required on the motion by the Internal Revenue Service to allow claims and amend plan. The court clerk shall set this proceeding on the calendar for January 9, 1989 at 10:00 a.m., and send notice to all interested parties.

IT IS SO ORDERED.

---

9. This court is not aware of the content of the corporate by-laws, and therefore cannot state with certainty that the corporation would have to indemnify Mr. Dobbins for the § 6672 liability. However, it is a standard by-law provision.